PEOPLE v DOERFER

1. CRIMINAL LAW—DEFENDANT'S COMPETENCE—SHOWING OF INCOMPETENCE—PSYCHIATRIC EXAMINATION—DISCRETION.

A trial court may rely on an evaluation by a local psychiatrist to determine whether there is a showing that a defendant may be incompetent to stand trial; the court must exercise its discretion and make the initial determination as to whether there is a showing of incompetency and it is not error for the court to seek outside aid in such a determination because to hold otherwise would be anomalous, as it would create a rule of law requiring that a trial court exercise its discretion blindly rather than in an intelligent manner.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS.

A defendant's contention that his plea of guilty to first-degree murder was involuntary or coerced because his accomplices were allowed to plead guilty to second-degree murder is without merit where defendant's accomplices are unrelated to him and it is clear that defendant himself was fully advised that the trial court could only sentence him to life imprisonment; the situation is distinguishable from a case where a defendant pleads guilty so that his wife or a member of his family could plead to a lesser charge.

Appeal from Oakland, William J. Beer, J. Submitted Division 2 February 13, 1973, at Lansing. (Docket No. 14426.) Decided April 26, 1973.

Raymond Doerfer was convicted, on his plea of

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 48, 65, 69.

Validity and construction of statutes providing for psychiatric examination of accused to determine mental condition, 32 ALR2d 434.

[2] 21 Am Jur 2d, Criminal Law §§ 485–487, 505.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof, 97 ALR2d 549.

guilty, of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *William G. Wolfram,* Assistant Prosecuting Attorney, for the people.

*Richard S. McMillin,* Assistant State Appellate Defender, for defendant.

Before: McGREGOR, P. J., and QUINN and PETERSON,* JJ.

McGREGOR, P. J. On January 15, 1971, the defendant pled guilty to first degree murder, MCLA 750.316; MSA 28.548, and was subsequently sentenced to a term of mandatory life imprisonment. No challenge to this plea was made in the lower court. Defendant appeals as of right.

On appeal, defendant contends that the trial court erred by failing to have defendant committed to the Center for Forensic Psychiatry, pursuant to MCLA 767.27a; MSA 28.966(11) and GCR 1963, 786, to determine if he was competent to stand trial. No written motion was made by defendant to be committed to the Center for Forensic Psychiatry.

MCLA 767.27a; MSA 28.966(11) provides in part:

"(2) The issue of competence to stand trial may be raised by the prosecuting attorney, defense counsel, by any interested person on leave of the court, or by the court on its own motion. The time and form of the procedure incident to raising the issue of competence shall be provided by court rule.

"(3) Upon a showing that the defendant may be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

incompetent to stand trial, the court shall commit the defendant in the criminal case to the custody of the center for forensic psychiatry or to any other diagnostic facility certified by the department of mental health for the performance of forensic psychiatric evaluation." (Emphasis added.)

In the instant case, the trial court referred the defendant to a local psychiatrist for evaluation. The report thus obtained indicated that the defendant knew the difference between right and wrong, that his story about his mind going blank and being controlled by the devil was "sheer fabrication", and that, while the defendant was an antisocial type with a diagnosis of sociopathic behavior he did not suffer from schizophrenia or any other form of mental illness. The report concluded that defendant was competent, and was received into evidence on motion of the prosecuting attorney, concurred in by defendant. The court then asked the defendant's counsel the following questions:

"Are you satisfied from all your interviews and conferences with your client here, * * * that he was able to assist you in his defense if he wanted to, and that he was a rational person? * * * You had no doubts about that at all, did you? * * * You felt he was cognizant and understanding of everything?"

to which defendant's counsel replied:

"His thoughts and speech were coherent. He had good memory of the episode that occurred of this unfortunate evening. In my opinion he certainly knew the difference between right and wrong. He was able to assist me in the defense of this case if it had proceeded to trial."

The crucial question is whether the trial court

may rely on an evaluation by a local psychiatrist to determine whether there is "a *showing* that the defendant may be incompetent to stand trial".

Clearly, the trial court must exercise its discretion and make the initial determination as to whether there is a *showing* of incompetency. It is not error for the trial court to seek outside aid in such a determination. To hold otherwise would be anomalous, as it would create a rule of law requiring that a trial judge exercise his discretion blindly, rather than in an intelligent manner. The procedure employed by the trial court was not in error.

A careful examination of the plea transcript reveals that defendant was properly advised of all his constitutional rights. The following colloquy then took place:

"*Q. [The Judge]:* Do you understand the nature of this charge?

"*A. [Defendant]:* Yes, I do, sir.

"*Q.* Now, do you clearly understand that the mandatory sentence in this case, if I accept this plea, is that I must send you to State Prison for life? There are just no exceptions to that.

"*A.* I understand that, sir.

"*Q.* Is that clear to you?

"*A.* Yes, sir.

"*Q.* I want to tell you right now that if I accept this plea and send you to State Prison it is my belief that that is where you will spend the rest of your life. Do you understand that?

"*A.* I understand, sir.

"*Q.* Did you know that the maximum sentence is mandatory life in jail, in prison?

"*A.* Yes, sir.

"*Q.* Do you understand there is no minimum sentence here?

"*A.* Yes.

"*Q.* Are you making this plea freely and understandingly of your own voluntary accord?

"*A.* Yes, I am, sir.

"*Q.* Now, has anybody hurt you or harmed you or threatened you in any way to cause you to make this plea of quilty?

"*A.* No, sir.

"*Q.* You do it of your own free will?

"*A.* This is all of my own free will. I have not been harrassed. I have not been anything. In fact, they have treated me well.

"*Q.* Nobody made any promises to you?

"*A.* No promises. Nothing has been.

"*Q.* Nobody said to you, Now, you go up there and you make it unnecessary to have a trial and—

"*A.* No offers.

"*Q.* —when you—even though you face this sentence, maybe you will get out soon?

"*A.* No offers or any type of thing has been offered or anything said to make it sound like I would get it easy or anything of that.

"*Q.* Then what you are stating to this Court is that no promises have been made to you to induce this plea. That you have not been told you would be treated more leniently if you plead guilty and that there has been no undue influence, compulsion, or duress used against you to force you to plead guilty. Is that all true?

"*A.* That's all true."

Defendant's contention that his plea of guilty was involuntary or coerced because his accomplices were allowed to plead guilty to second-degree murder is without merit. Defendant's accomplices are unrelated to defendant and it is clear that defendant himself was fully advised that the trial court could only sentence him to life imprisonment. This situation is clearly distinguishable from a case where a defendant pleads guilty so that his wife or a member of his family could

plead to a lesser charge. See *People v Thomas Smith,* 37 Mich App 264 (1971).

Conviction affirmed.

All concurred.