PEOPLE v MOWREY

1. CONSTITUTIONAL LAW—CRIMINAL LAW—INDECENT LIBERTIES—STAT-
   UTES—VAGUENESS.

   The indecent liberties statute is not unconstitutionally vague
   (MCLA 750.336).

2. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—COURTS—DUTY TO
   RAISE ISSUE.

   A trial court has a duty to raise the issue of a defendant's
   competency to stand trial if facts are presented which raise a
   bona fide doubt as to the defendant's competency.

3. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—INSANITY—IRRESIST-
   IBLE IMPULSE.

   Competency to stand trial should be clearly distinguished from a
   substantive defense of insanity, irresistible impulse or a neuro-
   psychological disorder which results in criminal conduct.

4. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—MINIMAL SHOWING
   —STATUTES.

   Competency to stand trial and mandatory referral to the center
   for forensic psychiatry for determination of competency is
   governed by statute; there must be some minimal showing that
   the accused cannot effectively communicate with his counsel
   and that he is unable to assist in his own defense (MCLA
   767.27a).

5. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—PLEA OF GUILTY—
   VOLUNTARINESS—HEARING—COURTS.

   Failure to order, *sua sponte,* a hearing to determine a defendant's
   competence to waive his constitutional rights and to enter a
   plea of guilty to a charge of taking indecent liberties with a
   child was not erroneous where the record shows that the
   defendant had three times explicitly stated that his reason for
   pleading guilty was to obtain psychological help after confine-
   ment in dealing with his deviant behavior, and the record

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 346.
[2-5] 21 Am Jur 2d, Criminal Law §§ 32, 62–74.

contains no showing that the defendant lacked understanding of the nature of the charge against him, or that he was unable to communicate with his counsel or to assist in his own defense.

Appeal from St. Joseph, Robert E. A. Boyle, J. Submitted June 11, 1975, at Lansing. (Docket No. 20630.) Decided August 26, 1975.

Herbert I. Mowrey was convicted, on his plea of guilty, of taking indecent liberties with a child under the age of 16 years. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Noecker,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *Howard C. Marderosian,* Special Assistant Attorney General, of counsel), for the people.

*Daniel J. Wright,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and D. F. WALSH and O'HARA,* JJ.

O'HARA, J. Defendant was convicted on a plea of guilty to taking indecent liberties with a child under the age of 16 years, MCLA 750.336; MSA 28.568, and sentenced to a term of 2-1/2 to 10 years. He now appeals as of right.

He attacks the constitutionality of the indecent liberties statute, MCLA 750.336; MSA 28.568, asserting that it is unconstitutionally vague. This contention is without merit; this precise issue was considered and rejected by this Court in *People v Wheat,* 55 Mich App 559; 223 NW2d 73 (1974), and

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*People v Payne,* 37 Mich App 442; 194 NW2d 906 (1971).

Defendant also alleges error in the trial court's failure to order, *sua sponte,* a hearing to determine defendant's competency to waive his constitutional rights and enter a plea of guilty. Defendant is correct in asserting that it is the trial court's duty to raise the issue of defendant's competency if facts are presented which raise a bona fide doubt as to defendant's capacity to stand trial. *People v Groeneveld,* 54 Mich App 424; 221 NW2d 254 (1974).

Competency to stand trial should be clearly distinguished from a substantive defense of insanity, irresistible impulse, or a neuro-psychological disorder which results in criminal conduct.

Competency to stand trial and mandatory referral to the center for forensic psychiatry for determination of that issue is governed by a specific statute.[1] This does not mean, as we held in *People v Sherman Williams,* 38 Mich App 370; 196 NW2d 327 (1972), that simply requesting such referral automatically mandates the entry of an order compelling it. There must be some minimal showing that the accused cannot effectively communicate with his counsel, and his inability to assist in his own defense. No showing whatsoever is part of the record in this case. Rather, all the indicia are to the contrary. On three separate occasions, during his pre-plea examination, the defendant explicitly stated to the court that his reason for pleading guilty was to obtain psychological help in dealing with his deviant behavior. This hardly suggests any lack of understanding of the nature of the charge against him, inability to communicate with his counsel or inability to assist in his own defense.

---

[1] MCLA 767.27a; MSA 28.966(11). *See also* GCR 1963, 786.

His counsel and the prosecution stipulated that he be examined at the Kalamazoo State Hospital to determine whether he needed psychiatric treatment.

The conclusion of the examining psychiatrist concludes thus:

"If he is to be released from custody *definite provisions should be made that he is never alone with his daughters and that some other adult person is always present.*" (Emphasis added.)

What was the harried trial judge to do? Having, in the words of the late Justice Frankfurter, neither the power of the purse nor the sword he could not order private psychiatric treatment at the public expense. He could not order the Legislature to construct separate institutions for this type of case. He did the only thing he could possibly do. He insulated the defendant from free movement in society. Hopefully, maybe even prayerfully, wishing that in the relatively short period of confinement psychiatric help of some degree would be made available to him in the penal institution.

Within the limitations of our system we think he did the best he could. We commend the prosecutor and defense counsel in their effort to assist. We find no error.

Affirmed.