PEOPLE v STRIPLING

1. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—EVIDENCE—INCOMPETENCE.

   The issue of the competence of a defendant to stand trial in a criminal action can be raised only by evidence of the defendant's incompetence.

2. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—COMPETENCE EVALUATION—SHOWING OF INCOMPETENCE—APPEAL AND ERROR—STATUTES.

   A trial court shall commit a criminal defendant for a competence evaluation upon a showing that the defendant may be incompetent to stand trial; therefore, where a defendant claims on appeal that his conviction must be reversed because the trial judge denied the defendant's request to be referred to a diagnostic facility for evaluation of his competence to stand trial, it becomes necessary to examine the lower court record to determine whether the defendant made a sufficient showing of incompetence to establish a right to a commitment for an evaluation of competence (MCLA 767.27a; MSA 28.966[11]).

3. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—MOTION—TIMING—COMPETENCE EVALUATION—COURT RULES.

   A defendant in a criminal action may raise the issue of his competence to stand trial at any time before trial; therefore, no special weight may be attached to the fact that a defendant's motion for an evaluation of competence was filed at the last moment (GCR 1963, 786.1).

4. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—MENTAL ILLNESS—DISTINCTION—MOTIONS—PETITION FOR COMMITMENT—SHOWING OF INCOMPETENCE.

   There is a great distinction between mental illness and incompetence to stand trial; therefore, where a defendant files with the trial court a motion for an evaluation of his competence to stand trial which alleges only that a petition seeking the commitment of the defendant as a mentally ill person has been

REFERENCE FOR POINTS IN HEADNOTES
[1–5] 41 Am Jur 2d, Incompetent Persons §§ 18–20.

filed in probate court, the trial judge was correct in ruling that the defendant had failed to make a sufficient showing of incompetence to justify a commitment for an evaluation of competence.

5. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—NEW TRIAL—MOTIONS—EVIDENCE—CASE PRECEDENT.

The Supreme Court has clearly stated that appellate courts should reverse a conviction and order a new trial on the basis of a defendant's incompetence to stand trial only where the evidence establishes that the defendant was incompetent at the time of the trial; in all other cases the defendant must move for a new trial in the lower court and offer what evidence of incompetence he may have at a hearing on the motion for an evaluation of competence.

Appeal from Van Buren, David Anderson, Jr., J. Submitted May 4, 1976, at Grand Rapids. (Docket No. 25687.) Decided July 21, 1976.

Jimmie C. Stripling was convicted of breaking and entering. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frank D. Willis,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, by *Mark I. Leach,* Assistant Attorney General), for the people.

*Richard K. Burnham,* for defendant.

Before: BASHARA, P. J., and ALLEN and C. J. HOEHN, * JJ.

ALLEN, J. The defendant was convicted by a jury of breaking and entering, MCLA 750.110; MSA 28.305, was sentenced to a prison term of 7-1/2 to 15 years, and appeals. We are asked to decide whether the conviction must be reversed because

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

the trial judge denied the defendant's request to be referred to a diagnostic facility for evaluation of his competency to stand trial. We hold that the conviction should be affirmed without prejudice to the defendant's right to file a delayed motion for a new trial in the trial court.

This appeal is an important one because it requires consideration of an issue which has divided this Court in the past. The prosecutor argues that a recent trio of Supreme Court decisions has provided a definitive answer. *People v Blocker,* 393 Mich 501; 227 NW2d 767 (1975), *People v Lucas,* 393 Mich 522; 227 NW2d 763 (1975), *People v Parker,* 393 Mich 531; 227 NW2d 775(1975), *cert den,* 423 US 849; 96 S Ct 91; 46 L Ed 2d 72 (1975). While we are not as confident as the prosecutor that those cases have resolved the underlying issue, we do agree that they require affirmance of the conviction in the present case.

For some time, the members of this Court have been divided over the question of the procedure to be followed when a criminal defendant requests a pre-trial referral to a diagnostic facility for evaluation of his competency to stand trial. The disagreement arose from attempts to reconcile MCLA 767.27a; MSA 28.966(11) (now repealed and replaced by MCLA 330.2020 *et seq.;* MSA 14.800 (1020) *et seq.)* with its companion court rule, GCR 1963, 786.

*People v Howard,* 37 Mich App 662; 195 NW2d 289 (1972), epitomizes the cases which hold that a defendant need only request a referral in order to make that referral mandatory. See also *People v Leffew,* 58 Mich App 533; 228 NW2d 449 (1975). On the other hand, *People v Sherman Williams,* 38 Mich App 370; 196 NW2d 327 (1972), and its progeny hold that a defendant is not entitled to a

referral until he makes a "showing" of incompetency, *i.e.,* presents some evidence that he is, in fact, not mentally competent to stand trial. See also *People v Kennington,* 55 Mich App 61; 222 NW2d 34 (1974). At the risk of oversimplifying the issue, it could be said that *Howard* held that the court rule superseded the statute; while *Sherman Williams* viewed the court rule as merely establishing procedures for implementing the statute.

The present appeal is timely because the prosecutor argues that the cited trio of Supreme Court cases, especially *People v Blocker, supra,* has now resolved the question in favor of the *Sherman Williams* line of cases. The defendant counters by arguing that *Blocker* is distinguishable and therefore not dispositive. On the assumption that *Blocker* is not controlling, the defendant urges us to adopt the *Howard* rationale and reverse his conviction.

MCLA 767.27a(3); MSA 28.966(11)(3) provided:

> *"Upon a showing* that the defendant may be incompetent to stand trial, the court shall commit the defendant [for a competency evaluation]." (Emphasis supplied.)

GCR 1963, 786.1 provides that a defendant may raise the issue of his competency to stand trial by filing a written motion at any time before the trial begins. GCR 1963, 786.3 then provides:

> *"If defendant is the moving party, the court shall* order the defendant committed [for a competency evaluation]." (Emphasis supplied.)

The emphasized portions of the quoted passages indicate the source of the *Howard—Sherman Williams* split.

In the present case, the trial judge denied the defendant's request for an initial competency evaluation. *People v Blocker, supra,* presented a somewhat different situation. There, the defense requested an evaluation by two named psychiatrists in language which suggested both an insanity defense and fears about incompetency. The judge referred the defendant to a local clinic which sent a copy of its report to the defense attorney. Thereafter, no mention was made of the defendant's mental state until appeal when he argued that he should have been *committed* for a full-scale competency evaluation rather than merely referred to a local clinic. This Court rejected the appeal because, *inter alia,* the defendant had not made a sufficient showing of incompetency to satisfy the requirements of *People v Sherman Williams, supra. People v Blocker,* 45 Mich App 138; 206 NW2d 229 (1973), *aff'd* 393 Mich 501; 227 NW2d 767 (1975).

In his dissent to this Court's decisions in *Blocker,* Judge T. M. BURNS argued that the majority had addressed a false issue because the defendant's request for a preliminary evaluation had been granted. According to Judge BURNS, the true issue concerned the trial court's failure to conduct a hearing following receipt of the psychiatric report. While this Court's opinion was ultimately affirmed, the Supreme Court opinion suggests that the issue addressed there was the one framed by Judge BURNS, *i.e.,* the failure to conduct a hearing, not the adequacy of the initial examination. For that reason, we cannot say that *Blocker* has authoritatively resolved the *Howard—Sherman Williams* split; but it has—at least—implied a Supreme Court preference for the *Sherman Williams* viewpoint, *viz.,* that a defendant must make a

showing of incompetency in order to invoke the court rule procedures.

"The issue of competence can only be raised by evidence of incompetence. * * *

"Our statute, MCLA 767.27a(3); MSA 28.966(11)(3), embodied the same thought: *'Upon a showing* that the defendant may be incompetent to stand trial, the court shall * * * ' (emphasis added).

"Our Court Rule GCR 1963, 786, provides the procedure for raising and settling the issue formally, but it is the *evidence of incompetence* that establishes the defendant's rights." 393 Mich at 508–510.

At the very least, the Supreme Court *Blocker* opinion leaves us free to follow the rule in *People v Sherman Williams, supra,* which we believe is the better rule. It thus becomes necessary to examine the lower court record to determine whether the defendant made a sufficient showing of incompetency to establish a *right* to a commitment for a competency evaluation. MCLA 767.27a; MSA 28.966(11).

We first note that the competency question was not even mentioned until the first day of trial. While we are sensitive to the possibility that late filed motions of this type could be used as a delay tactic, GCR 1963, 786.1, allows defendants to raise the competency issue "at any time before trial". Therefore, no special weight may be attached to the fact that the motion was filed at the last possible moment.

The "Petition for Psychiatric Examination" filed in the trial court alleged only that a petition seeking the commitment of the defendant as a mentally ill person had been filed in probate court. That petition was filed by the defendant's brother

a mere three days before the defendant's criminal trial was scheduled to begin. It stated that:

> "His [the defendant's] behavior is erratic. He is non-communicative—will not talk. He is destructive with other people's property. He steals, even when he has money. He thinks he has a problem also, and has stated so to petitioner. Drinks often and behavior changes drastically. He does not respect any authority and seems to have no conscience."

While defendant may, in fact, be mentally ill, there is a considerable difference between that diagnosis and criminal insanity; and a still greater distinction between mental illness and incompetency to stand trial. The latter concept was defined by MCLA 767.27a(1); MSA 28.966(11)(1) *supra:*

> "A person is incompetent to stand trial within the meaning of this section if he is incapable of understanding the nature and object of the proceedings against him, of comprehending his own condition in reference to the proceedings, or of assisting in his defense in a rational or reasonable manner."

Apart from the probate court petition, no additional evidence of incompetence was presented to the trial court. After hearing arguments, the trial judge ruled that the defense had failed to make a sufficient showing of incompetence to justify a commitment for a competency evaluation. We affirm that ruling.

The affirmance is, of course, without prejudice to the defendant's right to file a delayed motion in the trial court seeking a new trial on the grounds that he was incompetent at the time this trial was held. *People v Blocker, supra, People v Lucas, supra.* It is worth noting that the result would be the same even if we held that the defendant was

entitled to the requested competency commitment. In both *Blocker* and *Lucas,* the Supreme Court clearly stated that appellate courts should reverse and order a new trial only where the evidence establishes that the defendant was incompetent at the time of trial.

In all other cases the defendant must move for a new trial in the lower court and offer whatever evidence of incompetence he may have at a hearing on the motion. No question about the retroactivity of *Blocker* and *Lucas* is raised by the present appeal since the appeal papers in this case were filed several months after the release date of those two opinions.

While some might argue that the defendant has presented sufficient evidence of incompetence to merit a full evaluation, no one could suggest that the evidence clearly establishes that the defendant was incompetent at the time of his trial. Therefore, even if a showing of incompetence was made in the present case—or even if no showing was required—the defendant must first move for a new trial in the lower court.

For the reasons stated, we affirm the defendant's conviction.