PEOPLE v GARY SPRY
PEOPLE v ROBERT SPRY
PEOPLE v MILATZ

1. CRIMINAL LAW—PSYCHIATRIC EVALUATION—COMPETENCE TO
   STAND TRIAL—SHOWING OF INCOMPETENCY—STATUTES—COURT
   RULES.

   The right of an accused to a forensic psychiatric examination is
   conditioned upon some showing of incompetency to stand trial
   (MCLA 767.27a; MSA 28.966[11], GCR 1963, 786.3).

2. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—RAISING ISSUE.

   The issue of competence to stand trial can only be raised by
   evidence of incompetence.

3. CRIMINAL LAW—PSYCHIATRIC EVALUATION—COMPETENCE—MO-
   TIONS.

   A defendant by filing a motion for evaluation of competency was
   not entitled to a forensic psychiatric examination where the
   motion was later withdrawn by the defendant and the defend-
   ant never called upon the court to decide the issue.

4. CRIMINAL LAW—COMPETENCE—WAIVER—ATTORNEY AND CLIENT.

   Neither a defendant who may be incompetent nor his counsel
   may waive the right to a determination of the defendant's
   capacity; however, there is no right to a determination of

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 21 Am Jur 2d, Criminal Law §§ 48, 63–66.
   Validity and construction of statutes providing for psychiatric
   examination of accused to determine mental condition. 32 ALR2d
   434.
[5, 6] 5 Am Jur 2d, Appeal and Error §§ 821, 867.
   21 Am Jur 2d, Criminal Law § 495.
[7, 11, 13] 67 Am Jur 2d, Robbery § 10.
[8–10, 12] 21 Am Jur 2d, Criminal Law § 115 *et seq.*
   67 Am Jur 2d, Robbery § 8.
[11, 12, 15] 67 Am Jur 2d, Robbery § 15.
[13] 67 Am Jur 2d, Robbery § 12.
[14] 67 Am Jur 2d, Robbery § 80.

competency until presentation of some evidence of incompetency.

5. CRIMINAL LAW—APPEAL AND ERROR—PLEA OF GUILTY—FACTUAL BASIS—COURT RULES.

The standard to be applied on appeal when determining the adequacy of a factual basis for a guilty plea is whether a trier of fact could convict on the facts as stated by the defendant (GCR 1963, 785.7[3][a]).

6. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS.

A factual basis for acceptance of a guilty plea exists if an inculpatory inference could reasonably be drawn by a jury on the facts admitted by the defendant; the fact that an exculpatory inference could also be drawn is immaterial.

7. ROBBERY—UNARMED ROBBERY—ELEMENTS—STATUTES.

The elements of unarmed robbery are: (1) the felonious taking of any property which may be the subject of larceny from the person or presence of the complainant, (2) by force and violence, assault or putting in fear, (3) while not armed with a dangerous weapon (MCLA 750.530; MSA 28.798).

8. CRIMINAL LAW—AIDING AND ABETTING—ACTION IN COURT—STATUTES.

One who aids and abets the commission of a crime is chargeable as a principal; each accomplice is equally liable for the actions of the others when operating in concert (MCLA 767.39; MSA 28.979).

9. CRIMINAL LAW—AIDING AND ABETTING.

An aider and abettor is one who encourages, counsels or assists another in the commission of a crime with the intention of rendering such help and with the knowledge that the criminal act is contemplated.

10. CRIMINAL LAW—ACCOMPLICES.

A defendant is chargeable with the actions of his codefendant where the defendant was an active participant in a common criminal enterprise.

11. ROBBERY—UNARMED ROBBERY—SPECIFIC INTENT.

Unarmed robbery is a specific intent crime.

12. ROBBERY—AIDING AND ABETTING—INTENT.

An aider and abettor to robbery, to be liable as a perpetrator, must have either had the requisite intent for the charged crime

or aided and abetted knowing that the actual perpetrator had the required intent.

13. Rᴏʙʙᴇʀʏ—Pʀᴇsᴇɴᴄᴇ—Wᴏʀᴅs ᴀɴᴅ Pʜʀᴀsᴇs.

A thing is in the presence of a person, in respect to robbery, which is so within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it.

14. Rᴏʙʙᴇʀʏ—Assᴀᴜʟᴛ—Iɴᴛᴇɴᴛ ᴛᴏ Rᴏʙ Uɴᴀʀᴍᴇᴅ—Eʟᴇᴍᴇɴᴛs—Sᴛᴀᴛᴜᴛᴇs.

The elements of assault with intent to rob unarmed are: (1) an assault with force and violence, (2) an intent to rob, (3) while unarmed (MCLA 750.88; MSA 28.283).

15. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Sᴘᴇᴄɪꜰɪᴄ Iɴᴛᴇɴᴛ.

Specific intent is the subjective desire or knowledge that the prohibited result will occur.

Appeal from Wayne, Theodore R. Bohn, J. Submitted January 11, 1977, at Detroit. (Docket Nos. 28189, 28787.) Decided March 30, 1977.

Gary K. Spry was convicted, on his plea of guilty, of assault with intent to rape and assault with intent to rob unarmed. Robert M. Spry and David Milatz were convicted, on their pleas of guilty, of unarmed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training & Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Eugene S. Hoiby,* for Gary and Robert Spry.

*Daniel A. Burress,* for David Milatz.

Before: M. J. KELLY, P. J., and N. J. KAUFMAN
and D. F. WALSH, JJ.

D. F. WALSH, J. Defendants appeal from orders
of the Wayne County Circuit Court denying their
motions to withdraw their guilty pleas.

On December 15, 1974, at approximately 3 a.m.
the defendants, together with Thomas Roberts,[1]
were driving in Edward Hines Park in the City of
Westland when they pulled behind a parked car.
The men approached the car, knocked on the
windows, announced that they were Westland city
police, and demanded that the man and woman
inside the vehicle exit. When the man stepped
outside, Robert Spry threw him against the car,
took his wallet, confiscated the money, and re-
turned the wallet. The man attempted to hit Spry
but was struck by both Spry and David Milatz.
Gary Spry and Thomas Roberts, meanwhile, took
the complainant to the defendants' car where Spry
unsuccessfully attempted to rape her. While Gary
Spry was assaulting the complainant, his brother
entered the complainant's car, found her purse
and took approximately $10 from it. After driving
around with the complainant for awhile the de-
fendants and Roberts dispersed and the complain-
ant was released.

All of the defendants were initially charged with
rape.[2] Gary Spry was also charged with gross
indecency.[3] On February 13, 1975, Robert Spry and
David Milatz pled guilty to the charge of unarmed

[1] On February 13, 1975, Thomas Roberts pled guilty to the charges
of unarmed robbery and assault with intent to rape and was sen-
tenced on April 1, 1975, to prison terms of 10 to 15 years and 6 to 10
years, respectively. Roberts' appeal is not presently before this Court.

[2] MCLA 750.520; MSA 28.788, repealed by 1974 PA 266; MCLA
750.520a *et seq.;* MSA 28.788(1) *et seq.* effective April 1, 1975.

[3] MCLA 750.338b; MSA 28.570(2).

robbery[4] and Gary Spry pled guilty to the charges of assault with intent to rape[5] and assault with intent to rob unarmed.[6] On March 31, 1975, Robert Spry was sentenced to a prison term of 10 to 15 years. The same day Gary Spry was sentenced to a prison term of 6 to 10 years on the charge of assault with intent to rape and 10 to 15 years on the charge of assault with intent to rob unarmed. David Milatz was sentenced on April 1, 1975, to a prison term of 8 to 15 years.

On appeal the Sprys contend that the trial court erred in failing to order that they be committed to the forensic center for psychiatric examination and in failing to conduct a competency hearing. Gary Spry alleges that the court erred in accepting his plea without first advising him of the possibility of an intoxication defense, and all three defendants challenge the sufficiency of the factual basis supporting their pleas.

I

On February 3, 1975, defense counsel filed motions requesting that both Gary and Robert Spry be committed to the forensic center in order to evaluate their competency to stand trial. The motions were scheduled to be heard on February 11, 1975.[7] On that date, however, the prosecutor and defense counsel entered into negotiations which culminated in defendants' pleas to reduced charges

---

[4] MCLA 750.530; MSA 28.798.

[5] MCLA 750.85; MSA 28.280, repealed by 1974 PA 266; MCLA 750.520a, *et seq.;* MSA 28.788(1), *et seq.,* effective April 1, 1975.

[6] MCLA 750.88; MSA 28.283.

[7] The lower court record does not contain a notice of hearing scheduling the matter for that date. At the hearing on defendants' motion to withdraw their pleas, however, the prosecutor and appellate counsel agreed that a hearing was set for February 11 and the trial court acknowledged the existence of a motion praecipe.

two days later. No further mention was made of the motions. According to defendants' appellate counsel at the hearing on defendants' motion to withdraw their pleas, the motions for forensic examinations had been withdrawn following the plea negotiations.

Defendants now allege that the trial court erred in failing to commit them for psychiatric evaluation upon the filing of defense counsel's motions. The people respond that a trial court is only required to order a forensic exam upon some showing of incompetency and contend that defendants, having failed to present the motions to the trial court, abandoned the issue.

The statute and court rule covering competency to stand trial contain conflicting provisions regarding a trial court's duty to order a forensic examination upon the motion of defense counsel. MCLA 767.27a; MSA 28.966(11), provides in relevant part:

"(2) The issue of competence to stand trial may be raised by the prosecuting attorney, defense counsel, by any interested person on leave of the court, or by the court on its own motion. The time and form of the procedure incident to raising the issue of competence shall be provided by court rule.

"(3) *Upon a showing* that the defendant may be incompetent to stand trial, the court shall commit the defendant in the criminal case to the custody of the center for forensic psychiatry or to any other diagnostic facility certified by the department of mental health for the performance of forensic psychiatric evaluation." (Emphasis supplied.)[8]

GCR 1963, 786.1 permits a defendant to raise the issue of his competency at any time prior to trial

---

[8] Repealed by 1974 PA 258; MCLA 330.1001 *et seq.;* MSA 14.800(1) *et seq.,* effective August 6, 1975, MCLA 330.2102; MSA 14.800 (1102). Presently, see MCLA 330.2020 *et seq.;* MSA 14.800 (1020) *et seq.*

by written motion. GCR 1963, 786.2 reserves to the trial court the right to raise the issue during trial. According to GCR 1963, 786.3:

"If defendant is the moving party, the court *shall* order the defendant committed to a diagnostic facility certified by the department of Mental Health for the performance of forensic psychiatric evaluation for a period not to exceed 60 days from the date of the commitment order." (Emphasis supplied.)

The issue of whether the statute or court rule prevails has divided this Court. Some panels have held that a trial court is obligated to order a forensic examination only upon a showing of the defendant's incompetency to stand trial. *People v Sherman Williams,* 38 Mich App 370; 196 NW2d 327 (1972), *People v Doerfer,* 46 Mich App 662; 208 NW2d 521 (1973), *People v Mowrey,* 63 Mich App 676; 235 NW2d 23 (1975). Others have held that the filing of a motion by defendant itself requires commitment of the accused for psychiatric evaluation. *People v Howard,* 37 Mich App 662; 195 NW2d 289 (1972), *People v Leffew,* 58 Mich App 533; 228 NW2d 449 (1975). We conclude that a recent trilogy of Michigan Supreme Court decisions, *People v Blocker,* 393 Mich 501; 227 NW2d 767 (1975), *People v Lucas,* 393 Mich 522; 227 NW2d 763 (1975), *People v Parker,* 393 Mich 531; 227 NW2d 775 (1975), *cert den,* 423 US 849; 96 S Ct 91; 46 L Ed 2d 72 (1975), indicates that the right of an accused to a forensic examination is conditioned upon some showing of incompetency to stand trial.

In *People v Blocker, supra,* defense counsel moved that the defendant be examined by psychiatrists in order to determine his competency to stand trial and the feasibility of an insanity de-

fense. The trial court granted the motion, ordering that the defendant be examined at a local clinic. The clinic's report was sent to the attorneys in the case and no further reference was made to the matter. The defendant argued before the Supreme Court that he was entitled to a new trial since the issue of his competency had been raised but never decided by the lower court. The Supreme Court rejected the argument:

"The issue of competence can only be raised by evidence of incompetence. In *Pate v Robinson,* 383 US 375; 86 S Ct 836; 15 L Ed 2d 815 (1966), the United States Supreme Court said at 385: 'We believe that the evidence introduced on Robinson's behalf entitled him to a hearing on this issue. The court's failure to make such inquiry thus deprived Robinson of his constitutional right to a fair trial.'

"Our statute, MCLA 767.27a(3); MSA 28.966(11)(3), embodied the same thought: *'Upon a showing* that the defendant may be incompetent to stand trial, the court shall * * * ' (emphasis added).

"Our Court Rule GCR 1963, 786, provides the procedure for raising and settling the issue formally, but it is the *evidence of incompetence* that establishes the defendant's rights." 393 Mich at 508–510; 227 NW2d at 769. (Footnotes omitted.)

See also, *People v Lucas, supra.* While the *Blocker* opinion appears to be directed at the failure of the trial court to conduct a competency hearing following referral to a clinic, rather than ordering a psychiatric examination initially, it stresses the necessity that evidence of incompetency be presented in order to invoke the procedure prescribed by statute and court rule. *People v Stripling,* 70 Mich App 271; 245 NW2d 713 (1976).

In *People v Parker, supra,* the defendant argued that his referral to a non-certified facility by the

trial court on its own motion raised the issue of his competency which the trial court then improperly resolved by failing to commit the defendant to the forensic center or an approved diagnostic facility. In upholding the trial court's actions, the Supreme Court stated:

"In practice, courts frequently refer defendants to a noncertified facility or a private psychiatrist before the competency hearing is conducted without violating their due process or self-incrimination rights. These represent proper sources of information which a court may consider when determining whether to raise formally the issue of defendant's competency or *when it conducts a hearing to determine whether it has been 'shown' that defendant 'may be' incompetent. People v Doerfer,* 46 Mich App 662; 208 NW2d 521 (1973)." 393 Mich at 540–541; 227 NW2d at 779 (1975). (Emphasis supplied.)

See also, *People v Blocker,* 393 Mich 501, 511–515; 227 NW2d 767, 770–772 (1975) (Swainson, J., dissenting). Defendants, therefore, were not entitled to a forensic examination upon filing petitions but were required to demonstrate their incompetency. We need not, however, decide whether such a showing was made as defendants never called upon the lower court to decide the issue.

As previously mentioned, defendants' motions for forensic examinations were scheduled to be heard on February 11, 1975, but plea negotiations were conducted that day and, according to appellate counsel, the motions were thereafter withdrawn. Having failed to raise the issue of their competency, defendants cannot fault the trial court for failing to initiate proceedings for a determination of the matter.[9] True, as argued by de-

---

[9] The defendants do not allege that sufficient evidence was presented to the trial court to require the court to raise the issue *sua sponte.*

fendants, neither a defendant who may be incompetent nor his counsel may waive a determination as to the defendant's capacity. *Pate v Robinson, supra, People v Lucas,* 47 Mich App 385; 209 NW2d 436 (1973), *People v Walker,* 65 Mich App 207; 237 NW2d 252 (1975). The instant situation, however, is distinguishable.

In *Pate,* defense counsel raised the issue of the defendant's capacity by presenting subtantial evidence at trial that the defendant was then incompetent. The cited decisions of this Court concern the ability of a defendant to waive a hearing regarding his competency after his return from the forensic center or a diagnostic facility. In those cases, referral for a forensic examination, under MCLA 767.27a(3); MSA 28.966(11)(3), itself represents an initial determination that a bona fide doubt exists as to the competency of the accused. The case at bar involves a preceding step, that is, a decision on the part of the defense as to whether to raise an incompetency claim. The issue is not properly one of waiver as the defendants, until presentation of some evidence of their incompetency, had no right to invoke the procedure outlined by statute and court rule for adjudication of the issue. *People v Blocker, supra.*

## II

GCR 1963, 785.7(3)(a) requires that a trial court question a defendant and establish a factual basis for his guilty plea. On appeal, the standard to be applied in determining the adequacy of a factual basis for his guilty plea. On appeal, the standard to be applied in determining the adequacy of a factual basis is whether a trier of fact could properly convict on the facts as stated by the defendant. A factual basis for acceptance of a plea exists

if an inculpatory inference can reasonably be drawn by a jury on the facts admitted by the defendant. The fact that an exculpatory inference could also be drawn is immaterial. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), *People v Haack,* 396 Mich 367; 240 NW2d 704 (1976).

On appeal David Milatz contends that his testimony at the plea taking proceeding demonstrates none of the requisite elements of unarmed robbery. Robert Spry alleges only that the facts admitted do not indicate that the money was taken in the complainant's presence.

The elements of robbery unarmed are: (1) the felonious taking of any property which may be the subject of larceny from the person or presence of the complainant, (2) by force and violence, assault or putting in fear, (3) while not armed with a dangerous weapon. *People v Tolliver,* 46 Mich App 34; 207 NW2d 458 (1973). In pleading to the charge Milatz admitted that he knew that the person who took the money from the complainant's purse did so with the intent to steal it and conceded that he himself intended to share in the money. Granted, standing alone, the statement would not support his plea. Milatz ignores, however, his admitted participation in the entire series of events which occurred the night of the crime.

One who aids and abets the commission of a crime is chargeable as a principal. MCLA 767.39; MSA 28.979, *People v Palmer,* 392 Mich 370; 220 NW2d 393 (1974). An aider and abettor is one who encourages, counsels or assists another in the commission of a crime with the intention of rendering such help and with the knowledge that the criminal act is contemplated. *People v Penn,* 70 Mich App 638; 247 NW2d 575 (1976). Under the statute, each accomplice is equally liable for the

actions of the others when operating in concert. *People v Dykes,* 37 Mich App 555; 195 NW2d 14 (1972). In the present case Milatz admitted that on the night in question he, together with Roberts and the Sprys, approached the complainant's car and demanded that the complainant and her boyfriend exit. Milatz further testified that when the man resisted Robert Spry he struck the man and searched his wallet for money. Thereafter, money was taken from the complainant's purse.

The theft of the complainant's money was part of a common criminal enterprise in which defendant Milatz was an active participant. As such, he is chargeable with Gary Spry's forcible removal of complainant from the area of her car and Robert Spry's theft of the money from her purse which Spry admitted he removed with the intent to steal. As unarmed robbery is a specific intent crime, *People v Dupie,* 395 Mich 483; 236 NW2d 494 (1975). Milatz, to be liable as an aider and abettor, must have either had the requisite intent or aided and abetted knowing that the actual perpetrator had the required intent. *People v Poplar,* 20 Mich App 132; 173 NW2d 732 (1969), *People v Sharp,* 57 Mich App 624; 226 NW2d 590 (1975). The facts admitted by Milatz establish both his participation and knowledge.

The argument of Robert Spry that the factual basis for his plea fails to demonstrate that the money was taken from the complainant's presence is similarly without merit. Recently, in *People v Beebe,* 70 Mich App 154, 159;245 NW2d 547 (1976), this Court stated:

" 'A thing is in the presence of a person, in respect to robbery, which is so within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of

it.' " [Quoting from *Commonwealth v Homer,* 235 Mass 526; 127 NE 517 (1920).]

In the present case, complainant, if she had not been forcefully removed to the defendants' car, would have retained the money.

### III

Gary Spry argues that the facts admitted by him to support his plea to the charge of assault with intent to rob unarmed fail to indicate that he had the requisite intent.

The elements of assault with intent to rob unarmed are: (1) an assault with force and violence, (2) an intent to rob, (3) while unarmed. *People v Sanford,* 65 Mich App 101; 237 NW2d 201 (1975). Specific intent has been defined as the subjective desire or knowledge that the prohibited result will occur. *People v Lerma,* 66 Mich App 566; 239 NW2d 424 (1976). In the case at bar, Spry initially sought to plead guilty to the charge of unarmed robbery. During the course of describing his involvement Spry stated that he was unaware that either the complainant or the man accompanying her were robbed until after the money was taken. He subsequently testified, however, that the intent of the parties to perpetrate the unarmed robbery was with his knowledge. The prosecutor thereafter sought to add an additional charge of assault with intent to rob and defendant Spry testified that while he kept the complainant occupied in the car, his brother robbed her. From this testimony a trier of fact could have inferred that defendant Gary Spry assaulted the complainant, not only with the intent to rape, but with the subjective desire and knowledge that in doing so he was furthering the commission of the robbery.

IV

The final issue is Gary Spry's contention that the trial court improperly accepted his plea in failing to first advise him of the possibility of an intoxication defense. The argument is completely devoid of merit. GCR 1963, 785.7(1)(a).

Affirmed.

Judge KAUFMAN concurs in result only.