PEOPLE v YOUNG

Docket No. 52775. Submitted October 7, 1981, at Detroit.—Decided
March 4, 1982.

    Rudelle Young was convicted of armed robbery, assault with
intent to commit murder, and felony-firearm, Recorder's Court
of Detroit, Harvey F. Tennen, J. The convictions arose from an
incident in which the defendant drove to the scene of the
crime, where a companion assaulted and robbed the victim, and
thereafter drove the companion to a hospital for treatment of
wounds he received at the hands of the victim. Defendant
appeals, alleging that there was insufficient evidence to convict
him of armed robbery and assault with intent to commit
murder, that the trial court made insufficient findings of fact,
that he was denied effective assistance of counsel, and that the
·trial court erred in convicting him of felony-firearm. *Held:*

    1. Because there was no evidence that defendant intended, or
knew that his companion intended, to commit murder, the
specific intent element of the assault charge had to be estab-
lished by impermissibly building an inference upon an infer-
ence. The conviction of assault with intent to commit murder
must be reversed.

    2. A proper factual basis was not established to sustain the
conviction of felony-firearm.

    3. There was sufficient evidence presented to allow the con-
clusion that defendant knew of his companion's intent to rob
and that he aided and abetted the commission of that robbery.
It was not necessary to show that the defendant knew his
companion was armed but only that the use of a weapon was
fairly within the scope of the unlawful enterprise.

    The armed robbery conviction is affirmed. The convictions of
assault with intent to murder and felony-firearm are reversed.

    D. C. RILEY, J., concurred in the reversal of the assault with
intent to murder and the felony-firearm convictions. She dis-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 29 Am Jur 2d, Evidence § 166.

[2, 5] 67 Am Jur 2d, Robbery §§ 9, 62.

[3] 29 Am Jur 2d, Evidence § 204.

agrees, however, that there was a sufficient factual basis upon which to convict the defendant of armed robbery. She would hold that in order to convict him of that offense it was necessary to impermissibly base an inference upon an inference. She would reverse the armed robbery conviction as well as the other two convictions.

### OPINION OF THE COURT

1. CRIMINAL LAW — INFERENCES — CIRCUMSTANTIAL EVIDENCE.

   The rule in a case based upon circumstantial evidence is not that an inference, no matter how reasonable, is to be rejected if it, in turn, depends on another reasonable inference; rather the question is whether the total evidence, including reasonable inferences, when put together is sufficient to warrant a jury in concluding that the defendant is guilty beyond a reasonable doubt.

2. ROBBERY — AIDERS AND ABETTORS — INFERENCES.

   A defendant may be convicted of armed robbery as an aider and abettor without a showing, either directly or inferentially, that the defendant knew that his companion was armed; it is only necessary that the evidence be sufficient to sustain the conclusion by the trier of fact that the defendant knowingly aided and abetted the commission of the robbery and that carrying or using a weapon to commit the robbery was fairly within the scope of the unlawful enterprise, whether or not the defendant knew that the principal was armed.

   PARTIAL CONCURRENCE AND PARTIAL DISSENT BY D. C. RILEY, J.

3. CRIMINAL LAW — INTENT.

   Intent is a question of fact to be inferred from the circumstances by the trier of fact.

4. CRIMINAL LAW — INFERENCES — INTENT.

   *In a criminal trial involving circumstantial evidence inferences may not be built upon inferences.*

5. ROBBERY — AIDERS AND ABETTORS — INFERENCES.

   *A defendant may not be convicted of armed robbery as an aider and abettor where, because there is an insufficient factual basis to find the intent to commit a robbery, the conviction must be based upon an inference of the use of a weapon built upon an inference of the defendant's knowledge of the intent of the principal to commit a robbery.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Robert L. Ziolkowski,* for defendant on appeal.

Before: DANHOF, C.J., and D. F. WALSH and D. C. RILEY, JJ.

PER CURIAM. The facts in this case are set forth in Judge RILEY's opinion and need not be repeated here. For the reasons stated in that opinion we concur in the conclusion that the defendant's convictions for assault with intent to murder, MCL 750.83; MSA 28.278, and felony-firearm, MCL 750.227b; MSA 28.424(2), must be reversed. We are unable to concur, however, in the conclusion that the evidence presented at trial was insufficient to sustain the defendant's conviction of the offense of armed robbery. MCL 750.529; MSA 28.797. That conclusion was based upon the "no inference upon an inference" rule which was applied by the Supreme Court in *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974), as an alternative ground for reversing that defendant's conviction of conspiracy to sell marijuana. In *Atley,* however, the Supreme Court acknowledged that the "'no inference upon an inference' doctrine is a difficult concept at best". *Id.,* 315. Moreover, the doctrine has been severely criticized and generally discredited by legal scholars and by a number of courts which have given the matter extensive consideration. See *People v Orsie,* 83 Mich App 42, 46-48; 268 NW2d 278 (1978).

The essential determination which must be made by the trier of fact in a case in which the

conviction is based upon circumstantial evidence is more accurately stated in the rule enunciated in *Dirring v United States,* 328 F2d 512, 515 (CA 1, 1964), *cert den* 377 US 1003; 84 S Ct 1939; 12 L Ed 2d 1052 (1964), *reh den* 379 US 874; 85 S Ct 27; 13 L Ed 2d 83 (1964):

"The rule is not that an inference, no matter how reasonable, is to be rejected if it, in turn, depends on another reasonable inference; rather the question is merely whether the total evidence, including reasonable inferences, when put together is sufficient to warrant a jury to conclude that defendant is guilty beyond a reasonable doubt."[1]

We must determine, therefore, if there was sufficient circumstantial evidence presented at the trial in this case to warrant the trier of fact in concluding, beyond a reasonable doubt, that the defendant knew that Bennett intended to commit a robbery and aided and abetted in the accomplishment of that intention. In our judgment there was sufficient evidence.

First of all, the defendant backed up the car he was driving to the loading platform of the premises which was subsequently robbed by Bennett. This was consistent with the story that Bennett told the complainant to the effect that he had some brass to sell. The defendant got out of the car as if to assist Bennett in unloading the brass, then, when Bennett jumped up on the loading platform, got back into the car and drove to the other side of the parking lot. Secondly, defendant

---

[1] In *People v Atley,* 392 Mich 298, 315, fn 2; 220 NW2d 465 (1974), the Supreme Court advised that the language in the paragraph from *Derring* from which this rule was taken should be used with caution. The Court went on to specify those sentences in the paragraph which it thought may be misapplied. The rule quoted here, however, was not included in those cautionary remarks.

lied to the hospital admitting clerk after driving Bennett to the hospital. Third, the defendant gave Bennett's girl friend only some of the money which Bennett had in his possession after the robbery. And finally, defendant lied to the police in the first statements made to them.

Although there is no evidence that the defendant knew Bennett was carrying a gun, this does not preclude the conviction of the defendant for armed robbery. It is not necessary that the trier of fact infer from the evidence that the defendant knew that Bennett was armed. It is only necessary that the evidence be sufficient to sustain the conclusion by the trier of fact that the defendant knowingly aided and abetted in the commission of the robbery and that carrying or using a weapon to commit the robbery was fairly within the scope of the common unlawful enterprise, whether or not the defendant was actually aware of the fact that the principal was armed. *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975). See also *People v Lyle Brown,* 37 Mich App 25; 194 NW2d 450 (1971).

Our review of the record persuades us that the evidence was sufficient to sustain the defendant's conviction of armed robbery. Defendant's conviction of that offense is affirmed. Defendant's convictions of the offenses of assault with intent to murder and felony-firearm are reversed.

D. C. RILEY, J. *(concurring in part and dissenting in part).* Defendant was convicted in a nonjury trial of armed robbery, MCL 750.529; MSA 28.797, assault with intent to murder, MCL 750.83; MSA 28.278, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to terms of 10 to 20 years on the armed robbery and assault convic-

tions and the mandatory 2 years on the felony-firearm conviction.

Defendant claims on appeal that there was insufficient evidence to find him guilty of the robbery and assault convictions, that the trial court made insufficient findings of fact, that he was denied effective assistance of counsel, and finally, that the court clearly erred in finding him guilty of the felony-firearm charge.

The complainant was working at his scrap-metal warehouse in the early morning hours on January 2, 1980, when a man came to the door and said he had some brass to sell. The complainant told the man, later identified as William Bennett, to drive his car up to the warehouse. An automobile backed up to the warehouse, Bennett got out from the passenger's side and stood at the unopened trunk. Then the driver got out, and as complainant turned to look at the driver, Bennett jumped up on the warehouse dock. The driver, later identified as the defendant, got back into the car and drove slowly across the parking lot.

Inside the warehouse, out of the view of the defendant, Bennett pulled a handgun on complainant. The gunman demanded money and complainant's gun and proceeded to strike complainant in the face. The complainant was able to shoot Bennett in the back after which the two struggled and Bennett shot complainant in the chest. Between $600 and $800 cash, as well as some rolls of coins, were taken by Bennett.

Defendant testified that Bennett had asked him for a ride that morning to a halfway house. On the way, Bennett asked defendant to take him to see someone he knew in order to borrow some money. Defendant drove into the scrap yard, left Bennett

off close to the door and went to park the car 100 to 200 yards away. Bennett was inside for about 30 minutes. When Bennett returned to the car, he indicated that the person he wanted to see was not there and the two men left. It was not until they were back on the freeway that Bennett told defendant he had been shot.

A clerk from the emergency room at the hospital testified that a large black man brought in an injured man, Bennett, on January 2, 1980. The first man told her that he had found the other man on the street with a stab wound. After bringing in the injured person, the first man disappeared. At trial, the clerk was unable to identify defendant as the first man, indicating that defendant appeared much larger than the man at the hospital that day.

After taking Bennett to the hospital, defendant found, on the front seat of his car, a wallet, a bag and some keys. Bennett had told him to take the items to Sharon Gaddie, Bennett's girl friend. After doing so, defendant drove Ms. Gaddie to the hospital. Defendant denied seeing any gun on Bennett at all that day and said he did not learn of Bennett's death until that evening. He denied knowing there was money in the bag.

Defendant was arrested two days later, after he contacted the police upon hearing that he was being sought in connection with the incident resulting in Bennett's death. While in custody, defendant made three statements to the police. In the first two, he denied being anywhere near the warehouse. In the third statement, defendant admitted driving Bennett to the warehouse but said he took Bennett there to see some man. Defendant said he waited for Bennett in the car at the entrance to the scrap yard. When the two drove

off, Bennett told defendant he had been hit and needed to go to the hospital.

In this case, the trier of fact had to find that defendant either possessed the specific intent to murder or knew that Bennett, the principal, had such intent to murder to find defendant guilty under the aiding and abetting statute of assault with intent to murder. *People v Triplett,* 105 Mich App 182, 188; 306 NW2d 442 (1981). Intent is a question of fact to be inferred from the circumstances by the trier of fact. *People v Spry,* 74 Mich App 584; 254 NW2d 782 (1977). However, inferences may not be built upon inferences. *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974). Here, there is no evidence that defendant intended to, or knew Bennett intended to, commit murder. The specific intent element of the assault conviction must, therefore, be built upon pyramiding inferences and that is impermissible. The assault with intent to murder conviction must be reversed.

The majority correctly cites *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), and *People v Lyle Brown,* 37 Mich App 25; 194 NW2d 450 (1971), for the proposition that use of a gun to commit robbery is within the scope of the common unlawful enterprise. However, those cases cannot be applied in this case to establish the armed element of the armed robbery conviction.

In both *Guilty Plea Cases, supra,* 129, and *Lyle Brown,* there was sufficient factual evidence to find the intent to commit a robbery. The Courts then inferred the intent to use a gun as being within the scope of the enterprise. Therefore, only a single permissible inference was drawn based upon the evidence. In this case, there was an insufficient factual basis. Thus, the Court must first infer knowledge of the intent to commit a robbery from

the evidence and, upon that inference, infer the use of a gun. This is impermissible and I would reverse.

All parties agree, as does this Court, that the felony-firearm conviction must be set aside because the trial court did not establish a proper factual basis in accordance with *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981).

I concur with the majority's reversal of the assault with intent to murder conviction and the felony-firearm conviction. I dissent from their affirmance of the armed robbery conviction; I would reverse.