# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　Plaintiff-Appellee,

v

CHESTER CURTIS MERIWETHER,

　　　　　Defendant-Appellant.

UNPUBLISHED
August 16, 2016

No.　326618
Wayne Circuit Court
LC No.　14-009091-FC

Before:　BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of armed robbery, MCL 750.529. We affirm.

This case arises from a nonfatal shooting that occurred in a Coney Island parking lot in Detroit. Defendant was arrested after police identified his vehicle in connection with the shooting. After his arrest, defendant made a voluntary statement describing what occurred on the night of the shooting. Specifically, defendant said that he picked up two men named "Quez" and "O," and they told him they were looking for somebody to rob. Defendant "took the two guys down McNichols to look for somebody to rob, when we pulled into [the Coney Island] parking lot." Shortly afterwards, the victim arrived in a white car and entered the Coney Island. O stated that he was going to rob the victim, left defendant's vehicle, and got in the backseat of the victim's white car. Defendant moved his vehicle to the street behind the Coney Island to wait for O. Defendant watched O get out of the white car when the victim walked up, saw the victim put his hands up, and saw O shoot the victim. Then O ran to defendant's vehicle and defendant drove Quez and O away from the scene, dropping them off at the house where he had picked them up.

Defendant was charged with assault with intent to murder, assault with intent to do great bodily harm less than murder, armed robbery, conspiracy to commit armed robbery, and felony-firearm. The trial court found that defendant knew O intended to commit a robbery, but did not know O was armed, that O intended to commit an armed robbery, or that O intended to shoot the victim. But defendant was found guilty of armed robbery under an aiding and abetting theory. That is, the court held, defendant drove O to the Coney Island to look for someone to rob and, while waiting in his vehicle for O to return, defendant saw the crime happen, saw O shoot the victim and, when O returned to defendant's vehicle, defendant drove O away to a place of safety.

-1-

On appeal, defendant argues that the trial court rendered an inconsistent verdict because his armed robbery conviction under an aiding and abetting theory is inconsistent with the findings that defendant did not know O was armed or that O intended to commit an armed robbery. After de novo review of the issue whether the verdict is inconsistent, we disagree. See *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012).

A judge sitting as the trier of fact must render a consistent verdict. *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003). A verdict is inconsistent when it "cannot be rationally reconciled" with the factual findings. *Id*. at 27.

To secure a conviction on an armed robbery charge, the prosecutor must show:
(1) the defendant, in the course of committing a larceny . . . used force or violence against any person . . . and (2) the defendant, in the course of committing the larceny . . . possessed a dangerous weapon . . . . [*People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007) (footnote omitted).]

" '[I]n the course of committing a larceny' includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." MCL 750.530(2).

A defendant who does not directly commit the armed robbery, but who "procures, counsels, aids, or abets" in the commission of the armed robbery may be convicted as if the defendant actually committed the offense. MCL 767.39. A conviction of aiding and abetting requires proof that:

(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement. [*People v Robinson*, 475 Mich 1, 6; 715 NW2d 44 (2006) (quotation marks and citations omitted).]

The Court in *Robinson* set forth two ways a defendant can have the requisite intent to satisfy the third element. *Id*. at 14-15. First, a defendant can be "liable for the crime the defendant intends to aid or abet." *Id*. Second, a defendant can be liable for "the natural and probable consequences of that crime." *Id*. at 15.

In this case, it was undisputed that O committed an armed robbery. And defendant admitted in his statement that he assisted in the armed robbery by driving Quez and O to the Coney Island to rob someone, and then by driving Quez and O away from the scene after the shooting occurred. At issue on appeal is whether the third element can be satisfied because the trial court found that defendant did not know—before the armed robbery occurred—that O had a gun, that O intended to commit an *armed* robbery, or that O intended to shoot the victim. But, as the prosecutor argues, before the armed robbery occurred, defendant did know that O specifically intended to rob someone and defendant drove O to the Coney Island for that purpose. After he dropped off O, defendant positioned his vehicle behind the Coney Island so that he could quickly

and safely remove O from the crime scene. Defendant then watched O attempt to rob and shoot the intended victim. Thus, at the time defendant drove the get-away vehicle, "defendant intended the commission of the crime or had knowledge that the principal intended its commission . . . ." *Robinson*, 475 Mich at 6; see also *People v Norris*, 236 Mich App 411, 421; 600 NW2d 658 (1999); *People v Smielewski*, 235 Mich App 196, 207; 596 NW2d 636 (1999).

Further, armed robbery is a natural and probable consequence of robbery. See *Robinson*, 475 Mich at 15. The natural and probable consequences theory stipulates that " '[t]here can be no criminal responsibility for any thing not fairly within the common enterprise, and which might be expected to happen if the occasion should arise for any one to do it.' " *Id*. at 9 (citation omitted). With respect to armed robbery, this Court has held that carrying or using a weapon in a robbery is fairly within the scope of a robbery. *People v Young*, 114 Mich App 61, 65; 318 NW2d 606 (1982), citing *In Re Guilty Plea Cases*, 395 Mich 96, 130; 235 NW2d 132 (1975). Thus, contrary to defendant's assertions, he did not need to intend to assist in the armed robbery; instead, it is sufficient that defendant intended to assist in the commission of a robbery. As this Court held in *Young*, intent to assist in an armed robbery is not required in order to be convicted of armed robbery under an aiding and abetting theory because armed robbery may fall within the "common plan" or is a natural and probable consequence of a robbery. *Young*, 114 Mich App at 65. Specifically, the *Young* Court held:

> It is not necessary that the trier of fact infer from the evidence that the defendant knew that [the codefendant] was armed. It is only necessary that the evidence be sufficient to sustain the conclusion by the trier of fact that the defendant knowingly aided and abetted in the commission of the robbery and that carrying or using a weapon to commit the robbery was fairly within the scope of the common unlawful enterprise, whether or not the defendant was actually aware of the fact that the principal was armed. [*Id*.]

In summary, the trial court did not render an inconsistent verdict by finding defendant guilty of armed robbery under an aiding and abetting theory.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola