JNO. H. IVES AND JNO. R. MATHEWS v. EDWARD LEONARD.

*Witnesses—Grounds of objections to questions—Experts in handwriting.*

Reasons for objecting to testimony must be adhered to on review as they were stated to the trial judge; any other grounds of objection are waived, if they were not stated, and cannot be raised in the appellate court.

A witness having testified, on cross-examination, that a chancery bill against him had been sworn to, was farther asked whether it charged him with forgery. It was objected that the bill was the best evidence. *Held,* that the question was relevant as tending to test the witness' memory, and as a step toward impeachment; and that in the absence of an objection that the bill ought first to be shown to the witness, the exception might be treated as if that had been done, and the allowance of the question as within the discretion of the trial judge.

Whether a witness has been shown to be an expert is for the trial judge to determine.

The opinions of a number of business men as to whether the handwriting of a note had been so altered as to raise the amount, was allowed to go to the jury with the remark by the trial judge that if such evidence had been objected to he would have excluded it; that the jury might consider it, but that the witnesses had no better means of knowing when the disputed letter and figures were written than themselves. The record did not show that the witnesses were any better qualified than the jury to judge, on mere inspection, that an alteration had been made. *Held*, that there was no error in the instruction.

Error to Shiawassee. (Newton, J.) April 5.—April 11.

ASSUMPSIT. Plaintiffs bring error. Reversed.

*Jas. M. Goodell* and *Wm. A. Fraser* for appellants. A witness can be cross-examined as to whether he has not been convicted of crime: *Wilbur v. Flood* 16 Mich. 43; *Clemens v. Conrad* 19 Mich. 170; but he can be directly attacked only by record evidence of his conviction: *Dickinson v. Dustin* 21 Mich. 565; a trial judge ought not to intimate doubts, in the hearing of the jury, as to the competency of testimony: Thompson Charging the Jury 52; *Monroe v. State* 5 Ga. 86; *Ross v. State* 29 Tex. 499; *Hair v. Little* 28 Ala. 236; *Wisner v. Bardwell* 38 Mich. 278; *Marq., Hought. & Ont. R. R. v. Kirkwood* 45 Mich. 51; *Grand Rapids & Indiana R. R. v. Martin* 41 Mich. 672; *Beurmann v. Van Buren* 44 Mich. 496; or the special reliance to be placed on expert evidence: *Templeton v. People* 3 Hun 357; *Humphries v. Johnson* 20 Ind. 190; *Eggers v. Eggers* 57 Ind. 461; *Cuneo v. Bessoni* 63 Ind. 524; where one writing crosses another it is proper to take the opinion of a witness as to which was first written; 1 Greenl. Ev. § 580, n. 2; *Cooper v. Bockett* 4 Moore P. C. C. 433; *Dubois v. Baker* 30 N. Y. 355; *Quinsigamond Bank v. Hobbs* 11 Gray 250; *Bacon v. Williams* 13 Gray 525; Abbott's Trial Ev. 396; *Vinton v. Peck* 14 Mich. 287.

*Mc Bride & Miner* for appellee. Inquiry into the past life of a witness is allowable in the court's discretion: *Bissell v. Starr* 32 Mich. 297; *Hamilton v. People* 29 Mich. 183.

GRAVES, C. J.   The plaintiffs sought to recover upon a promissory note of this tenor.

"$80.          MENOMINEE, WIS., December 18, 1880.

"January 10th, after date, I promise to pay to the order of Ives and Mathews eighty dollars, at their office, Menominee, Wis., with interest at the rate of 10 per cent. per annum, after due, until paid.   Value received.

EDWARD LEONARD."

Leonard filed a sworn denial of the note.   The genuineness of the signature was not disputed.   The defense was that the instrument was given in fact for eight dollars, and had been fraudulently raised to eighty.

The plaintiffs composed the law firm of Ives & Mathews, at Menominee, and they rendered services on request of Leonard in taking testimony in Wisconsin, in the case in equity prosecuted here of *Storrs v. Scougale* 48 Mich. 387; and they claimed that Leonard agreed to pay them $110, and gave this note for $80 of it.

Scougale testified in their favor, and having sworn on cross-examination that the bill in chancery against him was sworn to, was then asked whether it charged him with having forged a deed to beat Storrs out of his farm.   The plaintiffs objected that the bill itself was the best evidence; but the trial judge allowed the question, and the witness answered in the affirmative.   The ground of objection stated to the trial judge must be adhered to.   If there was room for any other at the time, it was waived, and it can not be taken now.

The question was on cross-examination, and it was relevant as having some tendency to test the witness' memory, and also as a step towards impeachment.   It was not objected that the bill in equity should be first exhibited to the witness, and consequently that point is not raised.   The exception is to be regarded in the same light as though the question had been put to the witness with the bill in equity before him, and taking that view the Court is of opinion that the manner pursued was within the trial judge's discretion.

The plaintiff brought eight witnesses to give their opin-

ion on the bare appearance of the instrument,—whether it had been raised so as to increase the amount from eight to eighty dollars. They were reputable business men ; but the record contains no ground of inference that they were better qualified than the jury to judge upon mere inspection whether there had been such an alteration as was alleged. Two were of the opinion that the word expressing the amount had been changed, while the others thought differently. The testimony was put in without objection. In regard to this evidence the judge charged as follows: " Some six or seven witnesses have been brought here who were termed ' experts ;' not to show that the handwriting was known to them as that of Edward Leonard; not to show that they had any acquaintance with his signature at all; not to show the genuineness of his signature ; but to express their opinions whether the word ' eighty ' and the figure ' ought,' at the head of this note, were written by the same person and at the same time, and they gave their opinions of it. If objection had been made by defendant's counsel I should have excluded the testimony. Whether it was written by one or another person is not in dispute. Experts are generally called to identify the handwriting of particular persons and to give their opinions to the genuineness of the handwriting. Here they are called to express an opinion when a certain letter was made upon that paper, and that is all they were called for, or examined for. You can receive that testimony and consider it; but they have no better means of knowing when that was written, nor by whom, than you, who have eyes to see with. You have the paper before you and you will examine it and determine. The signature is the signature of the defendant, Edward Leonard." To this charge the plaintiffs took an exception.

Whether in respect to the fact on which their opinions were sought these witnesses were shown to be experts and rightly qualified to enlighten the jury was a question for the judge, and the record contains nothing to justify an opinion that he erred in his conclusions. At any rate, he

submitted the evidence and allowed the jury to judge of it for themselves.

We think no error is shown and that the judgment must be affirmed with costs.

The other Justices concurred.