## WEEKS v. HUTCHINSON.

1. PARTNERSHIP—ADMISSIONS—CROSS-EXAMINATION.
   A witness who denies that he and plaintiff were partners may be asked on cross-examination if he has not made statements admitting the partnership.

2. EVIDENCE—OBJECTIONS—APPEAL.
   Grounds of objection to evidence not stated at the trial will not be considered on appeal.

3. SAME—KNOWLEDGE OF WITNESS.
   It was not error to strike out an answer of a witness not based on his own knowledge.

4. SAME—PARTNERSHIP—ADMISSIONS—INSTRUCTIONS.
   Where, in a suit to recover a board bill, defendant testified that his contract was made with plaintiff and a third person, a charge that a partnership between plaintiff and the third person might be found from what they held themselves out to be, and what they said about it, was not erroneous as permitting the statements of either to be taken as evidence of the partnership.

5. PARTNERSHIP—AGENCY—INSTRUCTIONS.
   In a suit in which defendant claimed that plaintiff and a third person were partners, a charge that, if the jury should find that the third person acted as agent for plaintiff in the business, that would bind her, and if they should find from the manner in which plaintiff held herself out to defendant, or from the general agency exercised by the third person, that he was a partner, their verdict must be "No cause of action," was not erroneous, where the court had fully and properly defined a partnership.

Error to Calhoun; Winsor, J. Submitted June 5, 1903. (Docket No. 41.) Decided December 22, 1903.

*Assumpsit* by Sarah Jane Weeks against Leonard D. Hutchinson for a board bill. From a judgment for defendant, plaintiff brings error. Affirmed.

*Hatch & Page*, for appellant.

*North & Salisbury*, for appellee.

MOORE, J.   The circuit judge, in his charge to the jury, stated the claims of the parties in substance as follows:

"The plaintiff brings her action to recover from the defendant for a board bill from the 10th day of October, 1897, to April 27, 1901, less about five weeks, and alleges and proves that the same was worth $3.50 per week.   I believe there is no dispute about this amount.   Also $100 for feed for horses, paid by her for defendant.

"The theory of the plaintiff in this case is that she took this man to board; that they had no contract or agreement at the time, but that he had board during this period,—three years, six months, and seventeen days, less about five weeks he was in Canada.   If you believe her testimony, I say to you as a matter of law that it is not necessary to have a contract; that she can recover, if you find that she is entitled to recover, what that board was reasonably worth in Battle Creek at that time; and that is proven here, and I think it is undisputed, was $3.50 per week.

"The defendant says he had an agreement with her in the beginning that he was to have board and live in the family,—a sort of family relation,—and was to pay the first cost of his board and room, and that he has paid all that would call for.   He claims also that in making that contract he made it with the plaintiff in this case and a Mr. Bartley, who, he says, was a partner of hers, and that he made this contract with them together."

The plaintiff denies there was any partnership.   The parties gave testimony in support of their respective claims.   The jury returned a verdict in favor of defendant. The plaintiff has brought the case here by writ of error.

The first assignments of error relate to the examination of the witness Bartley.   As stated above, the defendant claims the arrangement was made with the plaintiff and Bartley, and swore to the arrangement.   Bartley was a witness.   He denied the arrangement as claimed by defendant, and denied that plaintiff and he were in partnership.   The questions put to him were whether he had not made statements admitting the partnership.   The judge

ruled he might answer for the purpose of impeachment, and the answers were taken. It is now said that, as partnership could not be proved by the admission of one partner, the testimony was incompetent. We think this was proper cross-examination in view of the conflicting testimony about the partnership.

It is said error was committed in admitting the following question and answer:

" *Q.* Did Mr. Bartley state to you that they were in partnership?

" *Mr. Hatch:* I object to that, because a partnership cannot be established in that way.

" *The Court:* It is an impeaching question. You may answer it.

"*Answer by Chapell:* He did. He carried the idea, anyway, that way."

It is now said Mr. Bartley's attention had not been called to this conversation, and therefore the proper foundation had not been laid. If that objection had been made in the court below, it doubtless would have been sustained, and the foundation for admitting the testimony could have been laid before the witness was allowed to testify. That objection, however, was not made, and it is too late to make it here for the first time. *Ives* v. *Leonard*, 50 Mich. 296 (15 N. W. 463); *Mahiat* v. *Codde*, 106 Mich. 387 (64 N. W. 194); *Mulliken* v. *City of Corunna*, 110 Mich. 212 (68 N. W. 141).

Mr. Hutchinson claimed he did work on the Funda farm for which he should have credit. When Mr. Bartley was a witness he was asked:

"*Q.* Who ran the Funda farm in 1899?

"*A.* Mr. Hutchinson.

" *Q.* Did you know of Mrs. Weeks at any time ordering him to do any plowing on the Funda farm?

"*A.* No, sir; she didn't know anything about it until after it was done."

On motion the last answer was stricken out, and it is said this is error. It will be seen the last part of the

answer was not responsive to the question, and it is difficult to see how, upon his own knowledge, the witness could make the answer he did. Immediately after this ruling the witness testified:

" *Q*. Did she know anything about it ?
"*A*. She never got him to do any work there that I know of, and I would have known it if she had."

The witness stated all he knew about it, and we do not think the assignment of error is well taken.

The other assignments of error in relation to the admission of testimony have been examined, but we do not deem it necessary to discuss them.

The court charged, among other things:

"Now, if you find that there was a copartnership existing all the time,—and that you can find from what they held themselves out to be, from the circumstances and conditions, and what they said about it, if you find they said anything about it, or if they held themselves out at all," etc.

It is claimed this is error, " because the existence of a partnership cannot be proved by the admission of one of the partners so as to bind the other supposed partner, nor can the holding out as a partner by one person bind the other supposed partner," and the charge permits the statement of either of them to be taken as evidence of partnership. The defendant gave evidence that his contract was made with both of them, and we think the charge did not misstate the law.

It is said the court erred in instructing the jury as follows:

" I would say that, if you find that Mr. Bartley acted as the agent of Mrs. Weeks in the business, that would bind her also, if you find any such fact from the evidence in the case.    *    *    *
" I charge you that one of the circumstances and facts of a partnership is the fact of general agency exercised by the parties in conducting their business; and if you find in this case from the manner in which the plaintiff held

herself out to the defendant, or from the general agency exercised by Mr. Bartley, that he was in fact a partner, or that defendant would be justified in dealing with the plaintiff on the assumption that she and Mr. Bartley were partners, then your verdict must be 'No cause of action,' unless you find, gentlemen, that, under the agreement, he is owing upon either one of the understandings."

This portion of the charge should be read in connection with the following:

"Now, if you find that there was a copartnership existing all the time,—and that you can find from what they held themselves out to be, from the circumstances and conditions, and what they said about it, if you find they said anything about it, or if they held themselves out at all—  You cannot find it from the fact that a man buys a piece of goods, and sends it down to the house, and has it charged to him; but if you find that there was an actual understanding existing between Mrs. Weeks and Mr. Bartley at the time Mr. Hutchinson boarded there, and understood each other, that they had an agreement that they should share in the profits and losses of the business, then you can find that they were copartners, and the admission of one copartner to Mr. Hutchinson in relation to bargains made for them both, or in the way of their business, would be binding upon both the partners.  I think you understand that.

"Partnership is a contract of two or more competent persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions. And it may be inferred from the facts and circumstances, even as between the parties themselves.  Persons engaged in a business or adventure for their mutual benefit may not always be partners as between themselves, even though they may have a communion of interest in the profits; but they may be frequently treated as partners by third persons, when there is in fact no partnership, as we shall hereafter see.  A partnership in fact can only exist when there is a voluntary agreement made for that purpose, and there cannot be such partnership against the intention of the parties to the contract.

"Now, you must find, if you find at all, from the evidence that has been testified to here, and such as you find from the circumstances here, such as will convince you that there was a copartnership existed between these peo-

ple, before you can consider the other subject at all. Now, if you find that there was such a partnership existing, such as is established by a preponderance of evidence offered by the defendant, Mr. Hutchinson, then you may consider these agreements that have been testified to here. You would have to find that they contracted about this business of boarding, and not about outside business. You could not find this partnership from contracting about fuel, or merchandise, or anything of that kind; it must be a contract about keeping a boarding house, and nothing else."

We think the jury were not misled by the charge. We do not find reversible error in the case.

Judgment is affirmed.

CARPENTER, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.