PEOPLE v LAMSON

1. INDICTMENT AND INFORMATION—AIDING AND ABETTING—STATUTES.

A defendant charged in an information with breaking and entering with intent to commit larceny and never charged with aiding or abetting in that offense can nonetheless be convicted even if his direct participation in the breaking and entering is not established because the distinction between accessories and principals has been abolished by statute (MCLA 767.39).

2. CRIMINAL LAW—AIDING AND ABETTING—OPENING STATEMENT—PREJUDICE.

There was no prejudice to a defendant charged with a crime but never charged with aiding and abetting because the opening statement of the prosecutor made no reference to aiding or abetting where the statement of the prosecutor sufficiently apprised the defendant that his planning, counseling and participation in the felony would be the basis of the case, there was no motion for a bill of particulars, the court's instructions on aiding and abetting were not objected to, and the evidence was sufficient to support a conviction as a principal or an aider and abettor.

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted Division 3 October 11, 1972, at Grand Rapids. (Docket No. 13642.) Decided January 18, 1973. Leave to appeal denied, 389 Mich 783.

Bruce Lamson was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur 2d, Indictments and Informations § 153 *et seq.*

Prosecuting Attorney, and *Stephen M. Wheeler*, Assistant Prosecuting Attorney, for the people.

*Daniel S. Seikaly* and *David A. Goldstein,* Assistant State Appellate Defenders, for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and TARGONSKI,* JJ.

TARGONSKI, J. Defendant was convicted by a jury of breaking and entering with intent to commit larceny[1] and was sentenced to a term of six to ten years in prison.

The complaint and information on which the defendant was charged alleged that "on or about 7-21-71" defendant "did then and there break and enter a certain building" which building was identified as the Black Ram Tavern.

The prosecutor, during his opening statement, indicated that the evidence would show that five persons planned and executed the theft. He further stated that the evidence would prove that the defendant and another man "broke through a large window, went inside * * * [and] stole liquor, a television set, and an amount of money".

One of the defendant's accomplices testified at trial that five men, including the defendant, planned the crime and divided the contraband. He further testified that he did not actually see the defendant enter the building, but heard the sound of breaking glass and saw the defendant make two or three trips from the building.

Following the prosecutor's summation, counsel for the defendant argued that since no one actually saw the defendant break and enter, there was

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.110; MSA 28.305.

a reasonable doubt as to whether the defendant had actually done so. The prosecutor, during rebuttal, stated that the defendant could also be convicted if he aided and abetted the one who actually committed the crime.

Prior to the instructions, defense counsel objected to the instructions on aiding and abetting but the trial court gave the instruction as requested by the prosecution.

The sole issue raised by the defendant can be stated as follows:

*Was defendant denied due process by the failure of the information to specify the exact nature of the charges against him and the prosecutor's failure at trial, to raise the theory of aiding and abetting until after all the proofs were in?*

Thus, the first complaint of the defendant is addressed to the fact that the information only charged him with breaking and entering and not aiding and abetting.

MCLA 767.39; MSA 28.979 states:

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction punished as if he had directly committed such offense."

This statute has been held to authorize the type of information used in the instant case. In *People v Dockery,* 20 Mich App 201, 207 (1969), this Court rejected the exact contention presently before this Court using the following reasoning:

"Dockery argues that since the information filed by the people never included a charge of aiding and abetting, the charge was erroneous. He also asserts that no evidence was ever offered on that point. We disagree.

"The distinction between accessories and principals has been abolished by statute, MCLA 767.39 (Stat Ann 1954 Rev § 28.979). The statute makes an aider and abetter into a principal and it is unnecessary to charge the defendant in any form other than as a principal. *People v Smith* (1935), 271 Mich 553; *People v McKeighan* (1919), 205 Mich 367. Therefore, the fact that the information failed to charge aiding and abetting is not relevant to the issue raised." See also *People v Elmer Weatherspoon,* 6 Mich App 233 (1967).

We find this line of authority to control the case before us and accordingly find no error with respect to the information.

The second argument raised by the defendant is that he was misled by the prosecution's opening statement and that this denied him a fair trial since he could have used certain "accessorial defenses" if he had known that he would be convicted as an aider and abettor.

The prosecutor in his opening statement advised the jury that he would prove that five persons, including the defendant, planned and executed the robbery and that the defendant and another man actually broke into the building. The evidence at trial complied with the opening statement except for the fact that the accomplice who testified did not know for sure whether the defendant or the other man actually broke the window. In short, the evidence was sufficient to support a conviction as a principal or an aider and abettor.

Although this precise problem has not faced this court before, this argument was raised and rejected in *Giraud v United States,* 348 F2d 820, 822 (CA 9, 1965), as follows:

"We see no merit in appellant's contention that he was prejudiced in this case because the indictment charged him as a principal and the proof established

that he was an aider and abetter. Appellant made no motion for a bill of particulars prior to trial. Moreover, the opening statement of the prosecution to the jury sufficiently apprised the defense of the *modus operandi* that the prosecutor expected to prove. No complaint is made by appellant that there was any error in the court's instructions to the jury upon the rule that one who aids and abets another in the commission of a crime is guilty as a principal."

In the instant case the defendant never made a motion for a bill of particulars nor is there any complaint concerning the form or substance of the court's instructions on aiding and abetting.

A careful review of the proceedings below leads us to the conclusion that the opening statement of the prosecution sufficiently apprised the defendant that his planning, counseling, and participation in the felony would be the basis of the prosecution's case. The evidence at trial fully conformed with the prosecutor's opening remarks. Under these circumstances, we do not feel that the defendant was misled, surprised, or prejudiced by the opening statement of the prosecution.

Affirmed.

All concurred.