PEOPLE v ENSIGN (ON REHEARING)

Docket No. 50608. Submitted May 11, 1981, at Lansing.—Decided January 6, 1982.

Terry L. Ensign pled nolo contendere to a charge of delivery of cocaine, Hillsdale Circuit Court, Harvey W. Moes, J. The plea was part of a plea agreement pursuant to which several other charges were dismissed. Defendant received a sentence of from 10 to 20 years imprisonment and appealed. The conviction was affirmed by the Court of Appeals, 109 Mich App 80 (1981). Subsequently, the Court of Appeals entered an order granting a rehearing on the issue of whether the trial court erred in referring to a docket number of a case regarding a separate delivery of cocaine by the defendant on another date for which the defendant did not plead rather than the docket number of the case involving the delivery of a lesser amount of cocaine for which the defendant did plead nolo contendere when sentencing the defendant. *Held:*

1. The record shows that the trial court was familiar with the presentence report and that the defendant acknowledged the accuracy of the information therein.

2. The trial court did not err by considering the other pending charges when sentencing the defendant nor by considering the community attitude toward drug offenses.

3. By failing to move for disqualification of the trial judge, where the defendant knew of a possibility for bias on the part of the judge, the defendant has failed to preserve the issue for appeal.

4. The case should be remanded to the trial court to deter-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 526.

[2] 5 Am Jur 2d, Appeal and Error § 614.
  46 Am Jur 2d, Judges § 202.
  Time for asserting disqualification of judge, and waiver of disqualification. 73 ALR2d 1238.

[3] 5 Am Jur 2d, Appeal and Error § 867.

[4] 73 Am Jur 2d, statutes §§ 99-101.

mine whether the court mistakenly considered the defendant to have pled to the delivery of the larger quantity of cocaine or whether the error was an insignificant error in stating the appropriate docket number of the case.

5. The Court of Appeals will not review the trial court's exercise of discretion in setting the length of sentence where the sentence is within the statutory limits.

6. The controlled substances provisions of the Public Health Code do not violate the title-object clause of the Michigan Constitution.

Remanded with instructions.

1. CRIMINAL LAW — SENTENCING — PENDING CHARGES.

A trial court may consider other pending charges when sentencing a defendant and the defendant may challenge or explain such charges if he chooses to do so.

2. APPEAL — CRIMINAL LAW — JUDGES — DISQUALIFICATION OF JUDGES.

A criminal defendant who knows of a basis for disqualification of the trial judge prior to trial and fails to move for disqualification thereby fails to preserve the issue of disqualification for appeal.

3. APPEAL — SENTENCING.

An appellate court should not review a trial judge's exercise of discretion in setting the length of a defendant's sentence where the sentence is within the statutory limits.

4. CONTROLLED SUBSTANCES — PUBLIC HEALTH CODE — CONSTITUTIONAL LAW — STATUTES.

The controlled substances provisions of the Public Health Code do not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24; MCL 333.7101 *et seq.;* MSA 14.15[7101] *et seq.*).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael R. Smith,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, for the people.

*Norman Fell,* for defendant on appeal.

ON REHEARING

Before: R. M. MAHER, P.J., and ALLEN and CY-
NAR, JJ.

PER CURIAM. Defendant was charged with con-
spiracy to deliver under 50 grams of cocaine, MCL
333.7401, 750.157a; MSA 14.15(7401), 28.354(1),
and delivery of under 50 grams of cocaine, MCL
333.7401; MSA 14.15(7401), arising out of a trans-
action which occurred on September 25, 1979.

Defendant was also charged with similar crimes
arising out of another transaction which occurred
on September 28, 1979. Both transactions involved
the alleged sale of cocaine to an undercover police
officer. In addition, defendant was charged in an-
other case with possession of marijuana, which
substance was allegedly in his possession at the
time of his arrest on September 28, 1979. On
January 16, 1980, defendant pled nolo contendere
to the charge of delivery of cocaine arising out of
the transaction of September 25, 1979. This plea
was entered pursuant to a plea agreement
whereby the remaining charges would be dis-
missed at the time of sentencing. On March 24,
1980, defendant was sentenced to serve 10 to 20
years in prison, and the other charges were dis-
missed.

I

Defendant first claims that certain errors oc-
curred in the sentencing process. His contention
that the trial court failed to adequately consider
defendant's potential for rehabilitation and that
the trial court disregarded the information con-
tained in the presentence report are not supported
by the record, and constitute the statement of a

conclusion rather than an argument. The record shows affirmatively that the trial court was familiar with the presentence report and defendant acknowledged the accuracy of the information contained therein.

Defendant contends that the trial court improperly considered the other pending charges in passing sentence. We find, however, that the trial court stated on the record that it would consider the pending charges and that defendant made no objection to that fact. The trial court may consider pending charges, and defendant may challenge or explain such charges if he chooses to do so. *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974). We note that those charges arose out of the sale of narcotics to an undercover police officer and the fact that defendant allegedly had marijuana in his possession when he was arrested. It is not likely that a denial of the facts surrounding those charges would have been credible even if defendant chose to make such a denial. The trial court was not accepting defendant's guilt of misconduct based on mere accusations denied by defendant, which practice is not permissible, *People v Zachery Davis,* 41 Mich App 683, 686-692; 200 NW2d 779 (1972). Rather, the trial court said only that it would consider the charges. This was not error. *Lee, supra.*

Defendant claims that the trial court placed undue emphasis on the local attitude towards drug offenses. The record does not reflect an abrogation of the trial court's sentencing discretion such as was ground for reversal in *People v Chapa,* 407 Mich 309; 284 NW2d 340 (1979), nor does it show the undue emphasis on vengeance or reassurance of the community that criminals would be dealt

with firmly as was true in *People v Gonzales,* 86 Mich App 166; 272 NW2d 227 (1978). It appears only that the trial court considered the community attitude as one factor in passing sentence.

Defendant also claims that the sentence imposed is the result of personal bias on the part of the judge. This allegation arises from the fact that the judge was the defense attorney in a previous civil action in which defendant was the plaintiff. That civil case was a suit by defendant for damages in compensation for an accident in which defendant became a paraplegic. Defendant claims that since the trial judge, as the defense attorney in the civil case, lost a substantial judgment in that case, he is now using his sentencing discretion as a tool of revenge.

Defense counsel in the instant case admits being aware of this potential for bias, and has submitted an affidavit with his brief on appeal claiming that he was induced not to move for disqualification of the trial judge by the judge's representations that he would not be biased and by his statements to the effect that the other judge who would then hear defendant's case was unduly harsh on drug offenders. Once more, defendant has stated a conclusion rather than demonstrated factual support for reversal. Where a defendant knows of a basis for disqualification prior to trial and fails to move for disqualification, the issue is not preserved for appeal. *People v Alexander,* 76 Mich App 71, 78; 255 NW2d 774 (1977).

We also note that, by affidavit, defendant alleges that the trial court had previously sentenced 14 other drug offenders to incarceration, the highest minimum sentence imposed being 4-1/2 years.

This information, if true, is inadequate from which to draw any conclusion, since nothing is presented as to the nature of the offenses other than that they are drug related. This lack of information precludes meaningful comparison.

At the sentencing proceeding, the trial court referred to the instant case by the lower court number 8-4173, which is, according to the record, the case arising out of the transaction of September 28, 1979. From the proceeding on January 16, 1980, it is clear that defendant's plea was addressed to the delivery alleged to have taken place on September 25, 1979. The September 25 delivery involved a single gram of cocaine, while the delivery of September 28 involved a larger quantity. No reference was made at the sentencing proceeding other than to the case number which would indicate for which transaction the trial judge was sentencing defendant.

In our earlier opinion in the instant case, *People v Ensign,* 109 Mich App 80; 310 NW2d 900 (1981), we referred to defendant as having pled to the September 28 delivery, because we were misled in our review of the record by the erroneous case reference. Although we do not believe that a different result is necessary now that the parties are aware of the erroneous reference, we granted defendant's motion for rehearing and remand the case to the trial court for further proceedings in order to avoid any possible injustice.

We are entirely convinced that the reference to the September 28 case number was an insignificant error and that the trial court was fully aware at the time of sentencing that it was the September 25 delivery that defendant was being sen-

tenced for. On remand, however, we direct the trial court to state whether such was in fact true or whether the trial court mistakenly considered defendant to have pled to the delivery of the larger quantity on September 28. Even if the trial judge was mistaken we note that, as discussed earlier in this opinion, it was proper for the judge to consider the pending charges as well as the charge pled to. It is therefore entirely possible that he would have imposed the same sentence in either case. Finally, the trial judge may feel that a lighter sentence is in order because of the lesser amount of narcotics involved in the actual crime pled to. If so, we direct the trial court to resentence the defendant.

## II

Defendant claims that the absence of appellate review of the exercise of judicial discretion in determining the length of sentence in each case constitutes a denial of due process. In his argument, however, defendant acknowledges that the Supreme Court of Michigan has declined to allow review of the exercise of a trial court's sentencing discretion. *People v Burton,* 396 Mich 238; 240 NW2d 239 (1976). Defendant makes an excellent argument in support of the proposition that appellate review of sentences which are within statutory limits should be instituted in Michigan. However, we feel constrained by the policy of the Supreme Court and, following the lead of *Burton,* we decline to disturb the sentence in the instant case. If the defendant takes an appeal to the Supreme Court, that Court may decide to allow review of the sentence, but we await action by the Supreme Court or the Legislature rather than institute such a review of our own accord. See

*People v Armstrong,* 99 Mich App 137; 297 NW2d 637 (1980).

## III

Defendant claims that his felony conviction under the Public Health Code of 1978 for a controlled substances violation is unconstitutional because the statute violates the title-object clause of the Michigan Constitution, Const 1963, art 4, § 24. Defendant's contentions that the act under which he was convicted embraces more than one object and that the controlled substances provisions, article 7 of 1978 PA 368, are outside the scope of fair notice provided by the title of the Public Health Code were addressed and rejected in *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980), *lv den* 409 Mich 895 (1980). For the reasons set forth in *Trupiano,* we decline to reverse on those grounds.

Remanded for proceedings in accordance with this opinion.