PEOPLE v JOHNSON

Docket No. 48041. Submitted February 3, 1982, at Detroit.—Decided
May 20, 1982. Leave to appeal applied for.

Marvin Johnson was convicted of assault with intent to commit
murder in Detroit Recorder's Court, Warfield Moore, Jr., J. The
defendant appeals, alleging that: (1) the trial court's instruction
to the jury on aiding and abetting was not supported by the
evidence and should not have been given; (2) he was denied due
process by the prosecutor arguing in his opening statement
that the defendant was a principal and then later changing his
argument to charge that the defendant was an aider and
abettor; (3) the trial court abused its discretion in denying his
motion for a new trial based on newly discovered evidence; (4)
the trial court erred in failing to instruct the jury that a prior
inconsistent statement was admitted solely for impeachment
purposes; and (5) the trial court erred in its sentencing proce-
dures. *Held:*

1. There was sufficient evidence to support a finding by the
jury that beyond a reasonable doubt one of the defendant's
companions had fired the shot which struck the victim. It could
be inferred that the defendant knew that an assault with
intent to commit murder was contemplated and that the defen-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 12] 21 Am Jur 2d, Criminal Law § 167.
[2, 11] 40 Am Jur 2d, Homicide § 569.
[3] 16A Am Jur 2d, Constitutional Law § 804 *et seq.*
    21 Am Jur 2d, Criminal Law §§ 167, 168.
    21A Am Jur 2d, Criminal Law §§ 639 *et seq.,* 825 *et seq.*
[4] 58 Am Jur 2d, New Trial § 166.
[5] 6 Am Jur 2d, Assault and Battery §§ 11, 69.
[6] 4 Am Jur 2d, Appeal and Error §§ 159, 166.
[7] 75 Am Jur 2d, Trial §§ 601, 615.
    81 Am Jur 2d, Witnesses §§ 547-562, 599.
[8] 21 Am Jur 2d, Criminal Law § 588.
[9] 21 Am Jur 2d, Criminal Law § 596.
[10] 5 Am Jur 2d, Appeal and Error § 883.
[12] 21 Am Jur 2d, Criminal Law § 171.
[13] 21 Am Jur 2d, Criminal Law § 309.

dant was a willing participant. The defendant could, therefore, be convicted as an aider and abettor.

2. The defendant was not denied his right to due process nor was he prejudiced by the prosecuting attorney's arguing in his opening statement that the defendant was a principal and thereafter changing his argument to charge the defendant as an aider and abettor.

3. The defendant's claim that the trial court abused its discretion in denying his motion for a new trial based on newly discovered evidence is without merit. The defendant failed to show that the newly discovered evidence would render a different result probable on retrial, and the trial court, therefore, did not abuse its discretion in refusing to grant a new trial.

4. The defendant is correct in asserting that the required foundation was not established before testimony regarding a witness's prior inconsistent statement was admitted. However, the lack of objection to the admission of the evidence precludes appellate review of a claim that it was improperly admitted, absent manifest injustice. Here, there was no manifest injustice. There was neither a demonstration of prejudice nor a suggestion by the court or the prosecutor to the jury that the prior statement could be used as substantive evidence.

5. The defendant's claims of error with regard to the trial court's sentencing procedures do not require reversal.

Affirmed.

N. J. KAUFMAN, P.J., dissented. He would reverse the defendant's conviction and vacate his sentence because the prosecution failed to produce sufficient evidence of the defendant's guilt to sustain a conviction. He believes that there was no evidence that the defendant knew that the actual perpetrator had the specific intent to murder because the evidence failed to point to any individual as the actual perpetrator. Further, the prosecution failed to elicit evidence that the defendant, himself, as an aider and abettor, possessed the specific intent to murder.

OPINION OF THE COURT

1. CRIMINAL LAW — AIDING AND ABETTING.

Knowledge of the principal's criminal purpose and a conscious sharing in the criminal act are necessary to convict a defendant as an aider and abettor.

2. CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT MURDER.

The elements of the crime of assault with intent to commit murder are: (1) an assault; (2) with specific intent to murder; (3) which if successful would make the killing murder; an assault

may be committed without actually touching the person of the one assaulted (MCL 750.83; MSA 28.278).

3. Criminal Law — Aiding and Abetting.

A defendant's due process right to adequate notice of the charges against him and to an opportunity to defend himself were not violated where the prosecuting attorney argued in his opening statement that the defendant was a principal and later, in closing argument, changed his theory to that of aiding and abetting after testimony of a prosecution witness which precluded the defendant's having acted as a principal.

4. Evidence — New Trial — Newly Discovered Evidence.

A new trial based on newly discovered evidence will be granted only if there is a showing: (a) that the evidence is newly discovered; (b) that the evidence is not merely cumulative; (c) that the evidence is such as to render a different result probable on retrial; and (d) that the defendant could not with reasonable diligence have produced it at trial.

5. Criminal Law — Aiding and Abetting.

A principal and an aider and abettor would both be relieved from liability if an attack by the principal were justified by self-defense; however, the defense of self-defense is available only where it appears that the accused was without fault or, in other words, was not the aggressor in bringing about the conflict.

6. Criminal Law — Appeal — Evidentiary Questions.

The Court of Appeals will not, in the absence of manifest injustice, review evidentiary questions not raised in the trial court in a criminal case.

7. Evidence — Impeachment — Prior Inconsistent Testimony.

Failure to give *sua sponte* a jury instruction that prior inconsistent testimony of a witness was admitted solely for impeachment purposes is not reversible error where there is no request for a limiting instruction, there is no demonstration or likelihood of prejudice, and neither the court nor the prosecutor had suggested to the jury that the prior inconsistent statement could be used as substantive evidence.

8. Criminal Law — Sentencing.

A criminal sentence should fit the offender rather than the offense alone and it should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the

offender's rehabilitative potential; four factors should be used by the court in determining an appropriate sentence: (1) the reformation of the offender; (2) the protection of society; (3) the disciplining of the wrongdoer; and (4) the deterrence of others from committing like offenses.

9. CRIMINAL LAW — PRESENTENCE REPORTS.

The failure of a trial judge to respond to a defense claim that the presentence report contains false information constitutes abdication of his discretion; failure to exercise discretion to ascertain that the defendant is not prejudiced by false information is error requiring resentencing; however, the trial judge properly may ascertain that the disputed matter is not relevant to his decision, or is of little weight or could be safely disregarded without regard to its accuracy in light of other facts.

DISSENT BY N. J. KAUFMAN, P.J.

10. CRIMINAL LAW — APPEAL.

*The Court of Appeals, in reviewing a defendant's claim that the prosecution failed to produce sufficient evidence of the defendant's guilt to sustain a conviction, should view the evidence in a light most favorable to the prosecution; the prosecutor is required to introduce some competent direct or circumstantial evidence on each element of the crime charged so as to support the jury's finding of guilt beyond a reasonable doubt.*

11. CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT MURDER.

*The crime of assault with intent to commit murder requires proof of an assault committed with the specific intent to murder, which, if successful, would have made the killing murder (MCL 750.83; MSA 28.278).*

12. CRIMINAL LAW — AIDING AND ABETTING.

*A defendant must have had either the requisite specific intent or known that the actual perpetrator had the required intent to be held criminally liable for a specific intent crime as an aider or abettor; intent is a question of fact to be inferred from the circumstances by the trier of fact; it is an issue of fact whether a particular act or crime committed was fairly within the intended scope of the common criminal enterprise.*

13. CRIMINAL LAW — DOUBLE JEOPARDY.

*A criminal conviction which is reversed by an appellate court for insufficient evidence may not be remanded for retrial; a new trial under those circumstances would result in double jeopardy.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Peter Jon Van Hoek,* Assistant State Appellate Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and CYNAR, JJ.

PER CURIAM. Defendant was charged with assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm while in the commission of a felony, MCL 750.227b; MSA 28.424(2). Prior to trial, the felony-firearm charge was dismissed. Defendant was convicted by a jury on the assault charge and was sentenced to a prison term of 20 to 40 years. Defendant appeals as of right.

Defendant's conviction arises out of an incident on May 19, 1978, wherein the complainant, Andre Witcher, was shot while at a party in a basement of a home in the City of Detroit. A total of 29 witnesses testified at trial and, for the most part, their testimony regarding the incident was contradictory and conflicting. By most accounts, defendant and five or six other young men descended into the midst of the party wielding rifles and handguns. Several shots were fired, one of which struck Andre Witcher and another of which struck Darrel McCorvey, one of those persons who arrived with defendant.

At trial, Witcher identified the defendant as the man who shot him. During his opening argument to the jury, the prosecutor asserted that the proofs would show that defendant shot Andre Witcher.

One witness indicated that McCorvey had fired two shots but that he did not see who fired a third shot which struck Witcher.

According to McCorvey, he, the defendant and another man had gone to the party to get defendant's brother. A little boy had run up to them and told them that Marvin's brother was being "jumped on" at a party on Kilborne Street. Shortly after they walked into the party, McCorvey heard two gunshots, the first of which hit him in the buttocks. He did not see who fired the shot and did not see anyone else hit by a bullet. McCorvey denied having a weapon while at the party.

The last of the prosecution's witnesses was a ballistics expert. To the surprise of the prosecutor, the expert's testimony established that the bullet which struck Witcher could not have been fired from the gun that the defendant had possessed at the party. In his closing argument, the prosecutor admitted that, given the ballistics evidence, defendant could not have shot Andre Witcher, but argued that defendant was guilty under an aiding and abetting theory or under a theory that defendant assaulted Witcher just by aiming a weapon at him.

Defendant argues that because the prosecution had not shown that one of defendant's companions, rather than another person at the party, in fact shot the victim, the trial court's instruction on aiding and abetting was unsupported by the evidence and should not have been given. We disagree. There was sufficient evidence to support a jury finding that, beyond a reasonable doubt, one of defendant's companions had fired the shot which struck the victim. Given the fact that at least two shots were fired by McCorvey and that

the only persons actually seen with weapons in the basement were defendant and his companions, the jury could have reasonably found that one of them shot the victim. Given the fact that defendant and his companions arrived at the party armed and in a single vehicle, and given their aggressive behavior as testified to by several witnesses, it could be inferred that defendant knew that an assault with intent to commit murder was contemplated and that defendant was a willing participant. He could therefore be convicted as an aider and abettor. See *People v Penn,* 70 Mich App 638, 649; 247 NW2d 575 (1976). In the alternative, since McCorvey actually fired shots into a crowded room and since the physical element of assault with intent to commit murder, an assault, may be committed without actually touching the person of the one assaulted, see *People v Branner,* 53 Mich App 541, 544; 220 NW2d 183 (1974), *lv den* 392 Mich 814 (1974), and *People v Carlson,* 160 Mich 426, 429; 125 NW 361 (1910), there was sufficient evidence that McCorvey, himself, committed an assault with intent to commit murder, and he could therefore have been convicted as a principal.

Defendant's argument that it is a violation of his due process right to adequate notice of the charges against him, and to an opportunity to defend himself, for the prosecutor to argue in his opening statement that defendant was a principal and then to change to a theory that the defendant was an aider and abettor has been rejected before. *People v Lamson,* 44 Mich App 447; 205 NW2d 189 (1973), *lv den* 389 Mich 783 (1973). We discern no prejudice to defendant which would warrant distinguishing the instant case from those cited.

Defendant's claim that the trial court abused its discretion in denying his motion for a new trial

based on newly discovered evidence is without merit. Defendant has failed to show that the newly discovered evidence would render probable a different result on retrial, and the trial court therefore did not abuse its discretion in refusing to grant a new trial. See *People v Alexander,* 72 Mich App 91, 94; 249 NW2d 307 (1976).

Defendant claims that at a new trial a jury might find, based on the allegedly newly discovered evidence, that McCorvey properly acted in self-defense. It is true that if an attack by a principal is justified by self-defense both the principal and the aider and abettor are relieved from liability. See *People v Pearce,* 369 Mich 692; 120 NW2d 838 (1963). However, the defense of self-defense is available only where it appears that the accused was without fault or, in other words, was not the aggressor in bringing about the conflict. *People v Bright,* 50 Mich App 401, 406; 213 NW2d 279 (1973). Even accepting as true the facts in the affidavit, the defense of self-defense would not be available to defendant or any of his companions in view of the fact that they came into the party wielding guns and making threatening demands. *Cf. People v Maclin,* 101 Mich App 593; 300 NW2d 642 (1980).

Defendant is correct in asserting that the required foundation was not established before testimony regarding a witness's prior inconsistent statement was admitted. However, the lack of objection to the admission of evidence precludes appellate review of a claim that it was improperly admitted, absent manifest injustice. *People v Williams,* 46 Mich App 165; 207 NW2d 480 (1973). We find none here. See *Weeks v Hutchinson,* 135 Mich 160, 162; 97 NW 695 (1903).

While support for defendant's claim that the

trial court's failure to instruct the jury that a prior inconsistent statement was admitted solely for impeachment purposes requires reversal even in the absence of a request by counsel is found in *People v Eagger,* 4 Mich App 449; 145 NW2d 221 (1966), this Court has more recently held that, absent objection, such claims of error will be considered only where manifest injustice occurs. *People v Cox,* 61 Mich App 37; 232 NW2d 188 (1975), *People v Turner,* 59 Mich App 589, 596; 229 NW2d 861 (1975). We find no manifest injustice here. There is neither a demonstration of prejudice nor a suggestion made by the court or the prosecutor to the jury that the prior statement could be used as substantive evidence, as was the case in *Cox, supra.*

Defendant's claims of error with regard to sentencing procedures do not require reversal. First, defendant suggests that the sentencing judge failed to fully exercise the theory of individualized sentencing, by using sentencing primarily as a means of putting across a message to the community, thereby virtually ignoring defendant's individual history and record.

In *People v Triplett,* 407 Mich 510, 513; 287 NW2d 165 (1980), the Supreme Court stressed that a sentence must fit the offender rather than the offense alone, and that a sentence should be "tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential". In *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972), the Court approved the use of four factors in determining an appropriate sentence: (1) the reformation of the offender; (2) protection of society; (3) the disciplining of the wrong-

doer; and (4) the deterrence of others from committing like offenses.

The discussion between the court, defense counsel and defendant reflects that the trial judge was concerned with the protection of society, the disciplining of the defendant, the deterrence of others from committing like offenses, and the seriousness of the crime itself considering the particular circumstances under which it was committed. The trial court expressly took into consideration the fact that defendant had no prior record. Any of the trial judge's statements which overemphasized one or the other of these factors were made in response to arguments by defendant and his counsel. Viewed as a whole, the record does not reflect an "undue emphasis on vengeance or reassurance of the community that criminals would be dealt with firmly", *People v Ensign,* 109 Mich App 80, 83; 310 NW2d 900 (1981).

Defendant's claim that the trial judge failed to respond to a claimed inaccuracy in the presentence report, in violation of the rule summarized in *People v McIntosh,* 62 Mich App 422, 428; 234 NW2d 157 (1975), *modified* 400 Mich 1; 252 NW2d 779 (1977), is not supported by the record. While the trial judge did not respond immediately to the defendant's claim that the presentence report inaccurately indicated that he had, himself, fired the shot which struck Witcher, during subsequent discussion the judge indicated that whether defendant acted as a principal or as an aider and abettor was not considered by the court to be relevant to sentencing under those circumstances. This complies with the suggestion in *McIntosh, supra,* that the trial judge "may ascertain that the disputed matter is not relevant to his decision, or is of little weight, or could be safely disregarded

without regard to its accuracy in light of other facts".

We find no error requiring reversal in the instant case.

Affirmed.

N. J. KAUFMAN, P.J. *(dissenting)*. I respectfully dissent. I would hold that the prosecution failed to produce sufficient evidence of defendant's guilt to sustain a conviction. Consequently, I would reverse the conviction and vacate the resulting sentence.

In reviewing claims of insufficient evidence, this Court views the trial evidence in a light most favorable to the prosecution. The prosecutor is required to introduce some competent direct or circumstantial evidence on each element of the crime charged so as to support the jury's finding of guilt beyond a reasonable doubt. *E.g., People v Freeland,* 101 Mich App 501, 504; 300 NW2d 616 (1980).

The charges against defendant arose out of the May 19, 1978, shooting of Andre Witcher at a party in the basement of a house in Detroit. The complainant testified that he was in the basement when people began running in all directions. He was grabbed by someone who asked him who he was. Witcher struggled with and struck the person and then ran for the stairs leading out of the basement. He testified that he heard a gunshot and jumped back. When he started for the stairs again, a second shot was fired which struck him in the chest. Witcher stated that he saw defendant with a sawed-off .22 caliber rifle after the first gunshot and that it was defendant who shot him. Witcher was hospitalized and, at the time of trial, confined to a wheelchair. Police investigating the incident found a sawed-off .22 caliber rifle and a

.38 caliber handgun, both of which had been recently fired, in a trash receptacle behind the house. Other witnesses testified to seeing defendant with such a sawed-off rifle. In his opening statement and throughout trial, the prosecutor proceeded on a theory that defendant actually shot Witcher and was, under the circumstances, thereby guilty of assault with intent to murder. However, the final prosecution witness, a police officer who conducted ballistics tests, testified that the bullet which struck Andre Witcher was a .25 caliber projectile and was fired from a handgun. The officer concluded that the bullet could not have been fired from the .22 caliber sawed-off rifle found at the scene. Apparently, the tests were conducted after the commencement of trial and the results were a surpise to the prosecution. The jury was then instructed on two alternative prosecution theories: that defendant was guilty either as a principal or as an aider and abettor of the unknown person who actually shot Witcher.

The crime of assault with intent to commit murder requires proof of an assault committed with the specific intent to murder which, if successful, would have made the killing murder. *People v Harris,* 110 Mich App 636, 644; 313 NW2d 354 (1981), *People v Eisenberg,* 72 Mich App 106, 114; 249 NW2d 313 (1976). Viewing the evidence in a light most favorable to the prosecutor, I conclude that there was no direct or circumstantial evidence to support a finding beyond a reasonable doubt of defendant's guilt as a principal. All of the evidence pointing to defendant's possession or use of a weapon linked him to the .22 caliber rifle recovered by the police. However, police ballistic tests established that the weapon was not that used to assault the complainant. Indeed, the prose-

cutor conceded as much in his closing argument to
the jury.

I also conclude that the evidence was insufficient
to permit conviction under an aiding and abetting
theory.

"To be held criminally liable for a specific intent
crime as an aider or abettor, a defendant must have
had either the requisite specific intent or known that
the actual perpetrator had the required intent. *People v
Frederick Lester,* 78 Mich App 21; 259 NW2d 370
(1977), *People v Poplar,* 20 Mich App 132; 173 NW2d
732 (1969). Intent is a question of fact to be inferred
from the circumstances by the trier of fact. *People v
Spry,* 74 Mich App 584; 254 NW2d 782 (1977), *People v
Sharp,* 57 Mich App 624; 226 NW2d 590 (1975). It is
likewise a factual issue whether a particular act or
crime committed was fairly within the intended scope
of the common criminal enterprise. *People v Haack,* 396
Mich 367; 240 NW2d 704 (1976), *People v McGuire,* 39
Mich App 308; 197 NW2d 469 (1972), *People v Pearce,*
20 Mich App 289; 174 NW2d 19 (1969), *People v Poplar,
supra." People v Wirth,* 87 Mich App 41, 46-47; 273
NW2d 104 (1978), *People v Harris, supra,* 642-643.

There was no evidence that defendant knew that
the actual perpetrator had the specific intent to
murder, for the reason that the evidence failed to
point to any individual as the actual perpetrator.
One witness, Carolyn Marshall, testified that Dar-
ryl "MC" McCorvey, one of the men accompanying
defendant to the party, shot Andre Witcher. How-
ever, upon further questioning, she conceded that
"MC" fired shots which did not hit anyone, that
Witcher was hit by a third shot and that she did
not know who fired that third shot.

Finally, the prosecution failed to elicit evidence

that defendant himself, as an aider and abettor, possessed the specific intent to murder. Darryl McCorvey testified that the reason he, defendant, and the others went to the party was that they had heard that someone there was going to "jump on" defendant's younger brother and threaten him with a gun. They intended, according to McCorvey, to take the younger brother from the party. Other witnesses testified that defendant and his cohorts were armed when they entered the party and that gunfire erupted shortly afterwards. Apparently, other unknown persons in the basement also possessed firearms; McCorvey was also wounded during the skirmish. No .25 caliber handgun was ever recovered, nor did any witness report seeing one. Any conclusion as to who fired the shot that wounded the complainant would be a speculative one at best. While the evidence allows an inference that defendant and his companions had less than pure motives when they entered the party, there was no competent direct or circumstantial evidence to support a conclusion that defendant had the specific intent to murder.

For these reasons, I would hold that the trial evidence was insufficient to support defendant's conviction for assault with intent to murder, either as a principal or as an aider and abettor, and, therefore, I would reverse the conviction and vacate the resulting sentence. Because double jeopardy principles preclude retrial upon reversal for insufficient evidence, I would instruct the trial court to order the defendant discharged. *Hudson v Louisiana,* 450 US 40; 101 S Ct 970; 67 L Ed 2d 30 (1981), *Burks v United States,* 437 US 1; 98 S Ct 2141; 57 L Ed 2d 1 (1978), *People v McCurtis,* 84 Mich App 460; 269 NW2d 641 (1978).